## Commonwealth v. Hughes.

(Decided March 19, 1913.)

### Appeal from Bell Circuit Court.

1.  Criminal Law—Indictment for Felony—Court May Pass Upon Sufficiency of—Objection by Commonwealth's Attorney.—Where a person is. under an indictment for a felony, the trial court may pass upon the sufficiency of the indictment; and also determine on the trial whether there is any evidence conducing to prove the guilt of the accused, and if none, instruct the jury to acquit him; but it is without power to dismiss a sufficient indictment, when such dismissal is objected to by the Commonwealth's attorney. And this is true, although the latter may have made a previous agreement with the counsel of the accused that he would dismiss the indictment.

2.  Criminal Law—Dismissal of Indictment by Commonwealth's Attorney.—The Commonwealth attorney may dismiss the indictment or enter a nolle prosequi in any case, as allowed by section 123 Kentucky Statutes, but in doing so, he must, as therein provided, file a statement in writing "setting forth his reasons for such dismissal or such failure to prosecute, which statement shall be signed by the Commonwealth's or County Attorney, as the case may be, and spread upon the order book of the court, and an order entered in accordance therewith." If the reasons thus given are by the court deemed sufficient, it may grant the dismissal of the indictment or discontinuance of the prosecution.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General, J. G. FORESTER and C. I. DAWSON for appellant.

B. B. GOLDEN, BLACK, GOLDEN & OWENS, J. G. ROLLINS, ARNOLD & LEABOW and H. Y. HUGHES for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

At the September term, 1911, of the Bell Circuit Court the appellee, Andy Hughes, was indicted for the shooting and killing of Jake Ban Bever; the crime charged being voluntary manslaughter. At the same term of the court appellee executed the required bail bond and entered a plea of not guilty; thereupon the case was continued. At the succeeding term of the court, held in February, 1912, when the case was called for trial, the Commonwealth asked a continuance because of the absence of a single witness, a commercial traveler or drummer, whose testimony the Commonwealth's attorney regarded as so important that he admitted his belief that

the Commonwealth would not be able to make out a case without him. Appellee, however, announced ready and strongly insisted upon a trial. After a consultation between the Commonwealth's attorney and county attorney representing the Commonwealth and counsel representing appellee, it was agreed between them that the case should be continued until the April term, at which time the Commonwealth and county attorneys would dismiss the indictment, if unable to then procure the attendance of the absent witness. Though not reduced to writing or made a matter of record, the agreement was stated in the presence of the court, following which an order was entered continuing the case.

The steps that were next taken in the case appear from the following order entered on the 8th day of the April term, 1912: "On the call of this case for trial, the defendant entered his motion and thereon asked the court to empanel a jury and instruct same to return a verdict of not guilty against this defendant, per an agreement entered into by said defendant, his counsel, and counsel representing the Commonwealth; and in support of said motion filed his own affidavit herein, to which motion and affidavit the Commonwealth objected. The court, after hearing said motion and being advised, overrules same, to which defendant excepted. This case is set for trial on the 17th day of this term."

It does not appear from the above order whether the Commonwealth was ready for trial at that time. The affidavit referred to in the foregoing order set out the agreement made between appellee and the Commonwealth and county attorneys, at the February term, 1912, as to the disposition to be made of the case at the April term, 1912, in the event of the non-attendance of the drummer witness, expressed the affiant's belief that the attendance of this witness would never be procured, and demanded the dismissal of the prosecution.

When the case was called on the 17th day of the April term, the Commonwealth announced ready for trial, but appellee, without announcing whether he was ready for trial, renewed his motion that a jury be empaneled and instructed to find him not guilty, supplemented by the further motion that if, in the opinion of the court, this could not be done, an order be entered dismissing the indictment, according to the terms of the agreement. The court sustained the last motion and entered a judgment

dismissing the indictment, to which the Commonwealth's attorney orally and in writing on the back of the indictment objected and excepted at the time. The Commonwealth then moved for a rereference of the case to the grand jury that a new indictment might be found, but the motion was overruled. It then filed a motion and grounds for a new trial, which was also overruled. It took an exception to the overruling of both motions, and from the orders entered thereon and judgment dismissing the indictment prayed and was granted an appeal.

The circuit court gave, in a written opinion, its reasons for dismissing the indictment. In brief, they rest the dismissal upon the agreement referred to, of which the court had personal knowledge; the court's belief that the Commonwealth would be unable to prove appellee's guilt of the crime charged, and the importance of saving the Commonwealth unnecessary cost. We do not understand that the agreement is denied by the Commonwealth's attorney, but we do not regard it as material whether his withdrawal from it was because, as stated in the opinion, it was objected to by the relations of the person appellee killed, or whether it was, as also stated in the opinion, because of his discovery that some of the Commonwealth's witnesses would furnish evidence of appellee's guilt of which he was not advised when the agreement in question was made. The fact remains that as an officer of the Commonwealth, and entrusted by its laws with the duty of conducting the prosecution against appellee, he had the legal right to withdraw from the agreement if, in his judgment, he realized he had made a mistake in entering into it; and also the right to insist that the prosecution of appellee proceed under the indictment, subject to the rules of procedure prescribed by law in respect to the trial and disposition of such a case.

Section 118, Kentucky Statutes, provides:

"It shall be the duty of the Commonwealth's attorney to attend each circuit court holden in his district, and prosecute all violations of the criminal and penal laws therein, and discharge all other duties assigned him by law."

The trial court may at all times pass upon the sufficiency of an indictment. It may also determine upon the trial whether there is any evidence conducing to prove the defendant's guilt, and if none, instruct the jury to acquit him; but it is without power to dismiss a

sufficient indictment without a trial of the defendant, when such dismissal is objected to by the Commonwealth's attorney. The Commonwealth's attorney may dismiss the indictment or enter a nolle prosequi in any case, as allowed by section 123, Kentucky Statutes, but in doing so, he must, as therein provided, file a statement in writing, ''setting forth the reasons for such dismissal or such failure to prosecute, which statement shall be signed by the Commonwealth's or county attorney, as the case may be, and spread upon the order book of the court, and an order entered in accordance therewith.''

In Commonwealth v. Cundiff, 149 Ky., 37, we had before us the question whether the court upon its own motion, and over the objection of the Commonwealth's attorney, had the power to file away an indictment. In the opinion it is said:

''The sole question is: May the court on its own motion, by filing the indictment away, prevent the prosecution of one charged with a crime? For the purposes of this case, it may be conceded that the motive actuating the court was good. * * * But in matters of this kind, courts must be governed in their action, not by sympathy, but by the rules of procedure made and adopted for their guidance. We know of no authority anywhere given to the court to control or direct the dismissal of the prosecution, where the indictment upon which it is based is good. * * * This provision of the statute makes plain: First, that where an indictment, for any cause, is to be dismissed or filed away, it can only be done upon motion of the Commonwealth's attorney, or the county attorney who may be acting for him; and, second, that it cannot be done by even the Commonwealth's attorney or county attorney, except the reasons therefor be reduced to writing, and the court, upon having considered the reasons upon which the discontinuance of the prosecution is sought, gives his consent that it may be done. A prosecution by indictment is a litigation in which the State is plaintiff or complainant, and is represented by the Commonwealth's Attorney. The judge does not represent the State, any more than he does the defendant in the prosecution. His right to control the prosecution goes only to the extent of determining whether or not the indictment is good on demurrer. If he holds it to be a good indictment he is without power to direct its dismissal. Nor, does the fact that the in-

jured party, or those who would naturally be aggrieved because of the wrongs complained of in the indictment, want the prosecution dismissed, change the situation. The prosecution is not for their benefit, but for the public good. While the party, who has suffered the immediate wrong at the hands of the accused, may be of material aid to the Commonwealth in imposing upon the accused the punishment, which his offense merits, she is without power to direct or control the prosecution, much less to have the court discontinue it.''

The court was in no way bound by the agreement made by appellee and the Commonwealth's Attorney. It had the power, notwithstanding the agreement, to compel a trial or continue the case, but was without power to compel the Commonwealth's Attorney to abide by the agrement in opposition to his own sense of official duty. Whether the latter's withdrawal from the agreement was justifiable was not a question for the court's decision, but one that the officer had a right to settle for himself, free of dictation from the court. If, as intimated in the brief of appellee's counsel, the agreement interfered with appellee's control of his witnesses, or caused the absence of some of them, the court should for that reason have continued the case until such time, as by reasonable diligence on the part of appellee, the attendance of the witnesses could be procured, or the depositions of such of them as are non-residents be taken. In our opinion the dismissal of the indictment was error, and for that reason the judgment is reversed and case remanded for a trial consistent with the opinion.