## Commonwealth v. Flynn.

(Decided November 25, 1914.)

### Appeal from Estill Circuit Court.

1. Indictment—Dismissal of—Felony Case.—A circuit court has no right to dismiss a prosecution for felony where it is based upon a good indictment; such a prosecution can only be dismissed by the circuit judge and the Commonwealth's attorney, acting jointly, under section 123 of the Kentucky Statutes.

2. Trial—Of Felony Case—Continuance.—A circuit court has no right to put the Commonwealth upon terms to try a felony case at the next term of the court; motions to try and to continue the case should be considered upon their merits, when they arise, regardless of the previous order putting the Commonwealth upon terms to try the case when it should next be called.

JAMES GARNETT, Attorney General; CHARLES H. MORRIS, Assistant Attorney General, and T. C. JOHNSON, Commonwealth's Attorney, for appellant.

ROBERT R. FRIEND for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellee, Vernon Flynn, was indicted in the Estill Circuit Court on April 20, 1909, for the crime of carnally knowing Laura Lamb, a female under the age of sixteen years. On and between May 6, 1910, and December 20, 1912, eight warrants were issued for Flynn's arrest, which was not effected until February 11, 1913.

At the March term, 1913, of the circuit court, the case was continued until the July term; and at the July term 1913, the case was again continued until the next term. The orders of continuance do not disclose upon which party's motion the postponements were made.

At the December term, 1913, of the court, Flynn failed to appear and his bond was forfeited on December 4, 1913; but on December 12th, the order of forfeiture was, upon Flynn's motion, set aside and the case was again continued. At the March term, 1914, of the court, Flynn again failed to appear and his bond was again forfeited; and summons was issued against the sureties upon his bond. A bench warrant was again issued for Flynn's arrest.

The forfeiture was again set aside and the case was continued to the fourth day of the June term, the Commonwealth being put upon terms to try the case when next called.

A summons was issued on April 6, 1914, for Laura Lamb (then Laura Crow) to appear as a witness for the Commonwealth on the 4th day of the June term, 1914; but the sheriff returned said summons as follows: "Search made and not found in Estill county; reported in Lee county, this June 9, 1914." Laura Lamb, the prosecuting witness, had been duly summoned to appear as a witness for the Commonwealth at the three preceding terms of court held in March, July, and December, 1913.

The next and final order in the record was entered at the June term, 1914, and reads as follows:

"This cause came on and the plaintiff announced not ready for trial on account of absence of witness Laura Lamb, now Crow, and moved the court to continue this cause to next term and to direct a warrant of arrest for said witness to Lee county, commanding and requiring her to execute a bond for her appearance at the next term, to which defendant objected and moved the court to enforce the rule made at March term, 1914, against the plaintiff to try this cause at this term, and, it appearing to the court from the personal knowledge of the judge that the father of said Laura Lamb Crow is a justice of the peace of this county and was present to report to court on the first day of the present term, and that he is not now present, and has not been present at any time since March term, 1913, at the calling of this cause, and it further appearing, to the satisfaction of the court, that the said Laura Crow has ever since the appearance of defendant lived some five or six miles from Irvine, in a thickly populated country, and that the said Laura Lamb Crow has not been present at any court when this case was called after the appearance of defendant, al-

though summoned except for this term, and that no warrant of arrest has been issued for her, and the defendant introduced the records from the Estill County Court of the marriage of said Laura Lamb Crow to Shelton Crow on August 4th, 1910, a copy of which is made a part of the record, the court being advised the rule is now made absolute and the plaintiff, by its attorney, announcing that it could not try the cause without the presence of said Laura Lamb Crow, and declining to try without the presence of said Laura Lamb Crow, she being the only witness endorsed on the indictment, the indictment is now dismissed, the defendant is discharged, his bail exonerated, and to all the rulings of the court the plaintiff objects and excepts and prays an appeal to the Court of Appeals, which is granted.''

By this appeal the Commonwealth challenges what it terms the arbitrary power of the circuit court to dismiss an indictment or to put the Commonwealth on terms to try.

The right of the circuit judge and the Commonwealth's attorney, acting jointly, to dismiss a prosecution for a felony, is plainly set out and limited in Commonwealth v. Cundiff, 149 Ky., 37, and Commonwealth v. Hughes, 153 Ky., 34.

In the Cundiff case, *supra*, we said we knew of no authority given to the court to control or direct the dismissal of a prosecution, where it was based upon a good indictment; while the power of the Commonwealth's attorney to dismiss a prosecution is restricted to the method pointed out by Section 123 of the Kentucky Statutes.

Furthermore, the court was in error when it put the Commonwealth under rule to try at the next term of the court. The motions to try and to continue should have been considered upon their merits, when they arose, regardless of the order of the previous term putting the Commonwealth under a rule to try the case when it should next be called. If the Commonwealth had shown diligence and was unprepared to try because of the absent witness, the continuance should have been granted regardless of the former ruling of the court.

In the case at bar, it appeared that the Commonwealth had exercised due diligence by causing a summons to be issued for Laura Lamb in ample time to have her present at the trial, but her absence from the county prevented the service of the summons. In giving a con-

trolling effect to the former order of the court, placing the Commonwealth under a rule to try the case, and in giving no effect to the fact that the Commonwealth had used due diligence in preparing for the trial, the circuit court was clearly in error.

The Commonwealth's motion for a continuance should have been sustained; and for this error, the judgment is reversed for further proceedings.