## Commonwealth v. Winfrey.

(Decided April 25, 1916.)

### Appeal from Bell Circuit Court.

1. Criminal Law—Dismissal of Indictment.—The right of the Commonwealth Attorney to dismiss an indictment under section 243 of the Criminal Code is subject to the discretion of the trial court.
2. Prohibition—Dismissal of Indictment.—A writ of prohibition does not lie to control the action of the trial court upon such a motion to dismiss an indictment.
3. Criminal Law—Dismissal of Indictment.—Upon appeal this court will review the action of a circuit court upon a motion to dismiss an indictment under section 243 of the Criminal Code.
4. Criminal Law—Dismissal of Indictment.—Objection by the accused does not defeat the right of the Commonwealth Attorney upon proper showing to dismiss an indictment before trial.

M. M. LOGAN, Attorney General; CHARLES H. MORRIS, Assistant Attorney General; J. G. FORRESTER, Commonwealth Attorney, and C. I. DAWSON for appellant.

ISHAM G. LEABOW for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

M. O. Winfrey was indicted in the Bell circuit court for the offense of criminal abortion under section 1219a

of the Kentucky Statutes. After indictment, but before trial, he married the prosecuting witness upon whom the abortion was alleged to have been performed. When the case was called for trial the Commonwealth Attorney moved to dismiss the indictment, endorsing thereon his reasons for the motion, whereupon the court entered the following order:

"Upon the calling of this case for trial, the Commonwealth's attorney, Hon. J. G. Forester, made the following endorsement on the indictment, to-wit:

" 'As Commonwealth's attorney, I hereby move to dismiss this case for the reason that since the last term of this court, and on February 1, 1916, the defendant married the prosecuting witness Nannie Louise Lynn, and therefore she became disqualified as a witness against him, she being the only eye-witness to the crime, and the Commonwealth being unable without her testimony to make a case, the indictment therefore is dismissed; a certified copy of the marriage is filed herewith. This March 15th, 1915, J. G. Forester.' And moved the court to dismiss the case, and in support of said motion filed a certified copy of the marriage of the defendant M. O. Winfrey to the prosecuting witness Nannie Louise Lynn, to which motion the defendant objected. The defendant announced ready and demanded a trial of the case, to which the Commonwealth objected, and insisted that it was entitled, as a matter of law, to have this case dismissed without a trial.

"The court being advised is of the opinion that the grounds endorsed on the indictment are sufficient to support the motion of the Commonwealth, if no objection was made by the defendant, but that the motion ought not to prevail over the objection of the defendant.

"It is therefore ordered and adjudged that the motion of the Commonwealth to dismiss this case is overruled.

"It is further ordered and adjudged that the defendant is entitled to have this case tried upon its merits, and the same is passed until the 45th day of its present term of this court for that purpose.

"To the ruling of the court in overruling its motion to dismiss and holding that the defendant is entitled to a trial of this case on its merits the Commonwealth excepted and prayed an appeal to the Court of Appeals, which is granted."

The Commonwealth in an original proceeding against the circuit judge is seeking a writ of prohibition to prevent him from proceeding further with the trial of this case, and is also appealing from the order refusing to dismiss the indictment. Since the same facts are involved in both proceedings, they were heard together.

1. Section 243 of the Criminal Code provides that the Commonwealth attorney may, with the permission of the court, dismiss an indictment. Section 123 of the statutes provides that before the court shall permit the Commonwealth attorney to dismiss any indictment, the attorney shall file a statement in writing showing the reasons for such dismissal. Under these provisions the Commonwealth attorney cannot dismiss an indictment without permission of the court, and will be permitted to do so only upon reasons deemed sufficient by the court. Husbands v. Commonwealth, 143 Ky. 290; Commonwealth v. Cundiff, 149 Ky. 37; Commonwealth v. Hughes, 153 Ky. 34. This necessarily vests in the circuit judge the right and duty to exercise a discretion in sustaining or overruling such a motion. A writ of prohibition may be granted by this court only to prevent an inferior court from exceeding its jurisdiction, but not for the purpose of controlling a discretion vested in said court. Weaver v. Toney, 21 K. L. R. 1157; Bank Lick T. Co. v. Phelps, 81 Ky. 613; Goldsmith v. Owen, 95 Ky. 420.

Wherefore it results that this court is without power to issue a writ of prohibition to control the action of a circuit judge upon a motion to dismiss an indictment, and the application for a writ of prohibition herein must be denied.

2. Upon appeal, however, this court is authorized and will review any appealable order of the lower court within its jurisdiction, and decide whether or not upon the facts involved the order was proper. Section 337 of the Criminal Code; Commonwealth v. Cain, 14 Bush 525; Commonwealth v. Bruce, 79 Ky. 560. It therefore devolves upon us on the appeal here to decide whether upon the written statement and motion of the Commonwealth attorney the lower court properly refused to dismiss the indictment.

Counsel for appellee contends that under the sixth amendment to the constitution of the United States

guaranteeing to an accused person a speedy trial, he is entitled to a trial upon the merits of the charge against him; that he is entitled to an exoneration by an acquittal if the Commonwealth is unable to sustain the charge preferred against him, and that the Commonwealth after an indictment has been returned is without power, over his objection, to dismiss the indictment and thereby defeat his complete exoneration. In support of this contention counsel for the accused relies upon Jones v. Commonwealth, 114 Ky. 599; Commonwealth v. Wade, 17 Pick. (Mass.) 395; U. S. v. Shoemaker, Fed. Cas. 16279, in which cases, construing said amendment it is held that the Commonwealth may not file away an indictment, which carries with it the right to reinstate, over the objection of the defendant; but, to our minds, the motion to "dismiss" presents an entirely different proposition from the motion to "file away," and the questions are in no wise analogous.

The effect of the latter motion, when granted, is to continue indefinitely the charge against the accused and to deny him a speedy trial such as is guaranteed to him by the constitutional amendment above referred to; but a motion to dismiss, when allowed, terminates absolutely the prosecution and unconditionally releases the accused. It is true that the dismissal is not a bar to another indictment upon the same facts, but it cannot be said that because of that fact the accused has been denied a speedy trial of the charge existing against him. It would be a vain and foolish thing to require the Commonwealth to read the indictment to a jury, and then announce that by reason of death of its witness or inability from any other cause, it was unable to introduce any evidence in support of the indictment. The court then of necessity would have to instruct the jury to return a verdict of acquittal. The effect of this farcical procedure would be neither a vindication nor an exoneration of the defendant, even if he was entitled to demand either, any more than a dismissal of the indictment, but it would render him immune from subsequent prosecution if sufficient testimony should thereafter become available, and it would annul so much of section 243 of the Code as provides that such a dismissal of an indictment is not a bar to a subsequent prosecution. No more striking illustration of the injustice of

such a procedure could be found than the case at bar, and unless clearly authorized ought not to be sanctioned.

Appellant by his marriage to the only witness who could supply the testimony necessary to sustain the indictment has by his own act defeated, for the time at least, the attempt upon the part of the Commonwealth to convict him of a crime, and his counsel now argues that the Commonwealth should be required to proceed to a trial and certain slaughter in order that his client may enjoy immunity from the risk of a future prosecution if he and his wife should hereafter be divorced and the testimony thereby become available that cannot now be produced against him. In other words immunity is demanded of the Commonwealth upon the ground that the defendant and the Commonwealth's only eye-witness are entitled to be relieved from the necessity of a continued observance of the protecting marriage vows. The recognition of such a right could be justified only where clearly warranted by express provision of law, and we know of no such provision.

The clear purpose and only guaranty of the constitutional amendment relied upon is that the strong arm of the government shall never be permitted to hold an accused person without opportunity for a fair and speedy trial. Under it the accused is entitled to demand a trial or a release. It was never intended to and cannot be construed to offer to any person the opportunity to forestall a future prosecution. The dismissal of the indictment here would release the defendant absolutely from the charge. That is all to which, under the constitution and the law, he is entitled, and in our judgment, the trial court upon the showing made should have sustained the motion of the Commonwealth attorney to dismiss the indictment herein, as the order shows clearly the ruling resulted solely from the objection of the accused and not from the insufficiency of the facts stated by the Commonwealth attorney in his written statement.

Wherefore the ruling of the trial court upon the motion to dismiss is reversed with direction to sustain the motion.

Judge Hurt not sitting.