## Commonwealth v. Adkins.

(Decided October 3, 1916.)

### Appeal from Daviess Circuit Court.

1. Criminal Law—Continuance for Commonwealth.—Section 367 of the Kentucky Statutes provides that a witness for the Commonwealth who resides in another county shall be summoned upon the written order of the county or Commonwealth's attorney, but where a material witness living in another county was subpoenaed without any written order of attorney, it was error for the court

to refuse a continuance for the Commonwealth on account of the absence of this witness merely because the attorney for the Commonwealth had not filed the written order provided for in the statute.

2.  Criminal Law—Continuance for Commonwealth.—In disposing of the question whether the Commonwealth is entitled to a continuance on account of the absence of a witness living in another county, section 367 of the Statutes should be left entirely out of consideration by the trial judge and his discretion in granting or refusing a continuance should be exercised without any reference to it.

3.  Criminal Law—Judgment of Acquittal—Bar.—Where a trial judge forced the Commonwealth into trial in the absence of an important witness, and thereupon, after the jury were sworn and the issue joined, the attorney for the Commonwealth refused to state the case or offer any evidence, a verdict of not guilty returned by the jury in obedience to a peremptory instruction was a bar to another prosecution under the indictment.

4.  Criminal Law—Judgment of Acquittal—Peremptory Instruction to Acquit—Bar to Another Prosecution.—When the trial has been entered into and the jury impaneled and sworn to try the issue joined, and the defendant pleads not guilty, and the trial judge upon the conclusion of the evidence for the Commonwealth or after all the evidence is in, peremptorily instructs the jury to acquit the defendant, the verdict will be a bar to another prosecution on the same indictment or for the same offense.

5.  Criminal Law—Dismissal of Prosecution—Judge Has No Power to Direct Without Consent of Attorney.—The circuit judge has no authority, without the consent of the attorney for the Commonwealth, to dismiss a prosecution based on a good indictment, and if he does so, his action will be reversible error and not a bar to a subsequent trial under the indictment.

M. M. LOGAN, Attorney General; C. E. SMITH, Commonwealth's Attorney, and HERMAN A. BIRKHEAD, County Attorney, for appellant.

LA VEGA CLEMENTS and CLEMENTS & CLEMENTS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Certifying the Law.

The appellee, Adkins, was indicted in the Daviess circuit court on a charge of uttering a forged check purporting to have been drawn by one J. W. Sanders on the Hancock Deposit Bank of Hawesville.  The indictment was found on May 24, 1916, and the defendant being in jail, the case was set for trial on June 2.  When the

case was called for trial on this day the attorney for the Commonwealth moved the court to continue the prosecution on account of the absence of George Wilson, the cashier of the Hancock Deposit Bank and an important witness for the Commonwealth. The court overruled the motion to continue because, as shown by the record, "no written request had been filed with the clerk of this court by the attorney for the Commonwealth directing said clerk to issue a subpoena for the said George S. Wilson." It further appears that when the motion for a continuance was overruled the defendant demanded an immediate trial and that the court ordered the trial to proceed. Thereupon the trial was entered upon and a jury selected and accepted. The defendant waived a formal arraignment, pleaded "not guilty," and then the jury was sworn to try the issue joined.

The record further shows that "when requested by the court to state the case for the Commonwealth, the attorney for the Commonwealth declined to do so and also declined to offer any evidence, and the court then peremptorily instructed the jury to find the defendant not guilty." In obedience to this instruction the jury returned a verdict finding the defendant not guilty, and the court entered a judgment discharging him from custody.

The record further shows that a subpoena for Wilson had been issued by the clerk of the Daviess circuit court directed to the sheriff of Hancock county, which subpoena was executed by the sheriff on Wilson on June first.

To the ruling of the trial court in refusing to continue the case on account of the absence of Wilson, an exception was taken, and the record has been brought here by the Commonwealth in order that the law in the case may be certified.

Section 367 of the Kentucky Statutes, after providing for the *per diem* compensation of witnesses for the Commonwealth, reads: "Where witness resides in another county, in addition to *per diem,* four cents per mile, going and returning by nearest traveled route, to be allowed by the court and certified to Auditor for payment: Provided, Said witnesses have been summoned upon the written order of the county or Commonwealth's attorney filed with the clerk of the court."

It is also provided in section 188 of the criminal code that "When an indictment is called for trial, or at any time previous thereto, the court, upon sufficient cause shown by either party, may direct the trial to be postponed to any time in the same · term, or to another term."

It appears, as we have stated, that the trial court refused to continue the case on motion of the Commonwealth's Attorney because no written request had been filed with the clerk of the court by the attorney for the Commonwealth directing the clerk to issue a subpoena for Wilson. Assuming, therefore, that this was the sole reason for refusing a continuance, which except for this omission would have been granted to a day at which the presence of Wilson, who lived in an adjoining county, could have been secured, the only question that we need consider is, did the trial judge, in refusing a continuance for this reason, commit an abuse of discretion? We think he did. The provision in the statute that a witness who resides in another county shall have his mileage in addition to *per diem* only in the event he has been summoned upon written order of the county or Commonwealth's attorney, was intended for the protection of the State. Its purpose was to prevent the State from being subjected to the expense of paying the mileage of witnesses residing in other counties unless the county or Commonwealth's Attorney directed their attendance. If, however, the county or Commonwealth's attorney for any reason should overlook this statutory requirement, it would not excuse the witness if summoned from attending or deprive the witness of his mileage as we are quite sure that if the presence of the witness was necessary and he attended the trial in obedience to a subpoena, the court upon motion of the Commonwealth's Attorney would enter an order directing that he be allowed mileage. A mere oversight like this on the part of the attorney for the Commonwealth should not be permitted to deprive the Commonwealth of a material witness, nor does it furnish sufficient reason to warrant the trial court in forcing the Commonwealth into trial in the absence of a material witness.

In fact, we think that this statute has ˙no bearing whatever on the question whether the Commonwealth is entitled to a continuance on account of the absence of an important witness who lives in another county. In dis-

posing of the question of a continuance this statute should be left entirely out of consideration by the trial judge, and his discretion in granting or refusing a continuance be exercised without any reference to it.

It is further insisted by counsel for the Commonwealth that the judgment of acquittal under the circumstances should not bar another prosecution, the argument in this behalf being that the action of the trial court was, in effect, the same as if, over the objection of the attorney for the Commonwealth, he had dismissed the prosecution without even the appearance of a trial.

We have written in Com. v. Cundiff, 149 Ky. 37; Com. v. Hughes, 153 Ky. 34, and Com. v. Flynn, 161 Ky. 289, that the circuit judge has no authority, without the consent of the attorney for the Commonwealth, to dismiss a prosecution based on a good indictment. And if, instead of submitting this case to a jury, the trial court had dismissed the prosecution and discharged the defendant, such action would have been reversible error and not a bar to a subsequent trial under the indictment. But the rule announced in those cases is not at all applicable to the case we have. Here the court, after overruling the motion for a continuance, ordered the trial to proceed, and a jury was impaneled and sworn to try the issue joined upon the defendant's plea of not guilty. When the trial had been thus entered into, the attorney for the Commonwealth declined to introduce any evidence, and, accordingly, the jury was instructed to acquit the defendant. Under these circumstances, the situation was precisely the same as if the trial judge had peremptorily instructed the jury to acquit the defendant after the evidence for the Commonwealth was in or at the conclusion of all the evidence and in obedience to such instruction he was acquitted and discharged. Of course in such a state of case the judgment of acquittal would be a bar to another prosecution for the same offense.

The fact that this power places great authority in the hands of the circuit judges does not furnish sufficient reason to depart from the long established rule of practice that such a proceeding is a bar to another prosecution for the same offense. The circuit judges of the State are necessarily and properly invested with large power and discretion in directing the control and disposition of criminal cases; and if there should oc-

casionally be a miscarriage of justice on account of an erroneous decision of a judge, an exceptional mistake like this should not be allowed to overturn a firmly settled principle in the administration of the criminal law.