## Slater v. Commonwealth.

(Decided June 16, 1931.)

WILLIS STATON for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

This appeal presents three novel and interesting questions, namely: (1) The power of the trial court on a preliminary hearing to dismiss an indictment for want of jurisdiction and discharge the defendant; and (2) the right of appeal of a defendant from an order dismissing the indictment and discharging him from custody; and (3) the ultimate question of the jurisdiction of an offense committed on an interstate bridge.

The appellant, Tandy B. Slater, was indicted for the murder of George Robinson, charged to have been committed in Pike county, Ky. On a motion for bail in the circuit court of that county, evidence was heard which showed that the accused shot the deceased on a bridge which spans Tug river, a boundary stream of Kentucky and West Virginia, at a point where if a stone be dropped from one side of the bridge it would fall in the water of that stream, and if dropped from the other side it would fall on West Virginia soil. At this hearing there appeared two attorneys recorded as representing the state of West Virginia. Bail being fixed, the court set the case over a few days for the purpose of considering the question of jurisdiction.

At that time the same West Virginia attorneys appeared. The commonwealth's attorney of this judicial district was also present, but seems to have taken no part. The defendant, by counsel, strenuously objected to the proceedings, insisting that the locus of the crime was a question of fact to be submitted to the jury on the trial of the case. His objections being overruled, it was stipulated that the evidence heard on the motion for bail should be considered. An opportunity was given the defendant to testify himself in support of his declaration that on a trial of the case in ordinary course he would

show that he shot Robinson in self-defense on the Kentucky end of the bridge and within the jurisdiction of the Pike circuit court, although it is admitted that he died several days later in West Virginia. The accused insisted on his right to withhold his defense until that time. The record clearly manifests the fact that West Virginia lawyers were endeavoring to have the Kentucky court declare that it was without jurisdiction, while the defendant was insisting on his right to be tried in the Pike circuit court, in which county he resided.

The trial court reached the conclusion from the evidence before him that the crime charged was committed in West Virginia. We are asked to review that decision on the ultimate question of jurisdiction, but do not find it necessary to consider that very interesting issue, which apparently is one of first impression, except in an inferior court of Pennsylvania, for we are of the opinion that the action of the court in either event was premature and unauthorized.

It has never been supposed that the Kentucky courts could take cognizance of or inflict punishment for a crime committed against the laws of a neighboring state. The locality of a crime is a matter of fact, and it is indispensable that the evidence should show that it was committed in the county where the indictment charges it to have been committed. Wilkey v. Commonwealth, 104 Ky. 325, 47 S. W. 219, 20 Ky. Law Rep. 578; Hylton v. Commonwealth, 91 S. W. 696, 29 Ky. Law Rep. 64; Com. v. Ward, 185 Ky. 295, 215 S. W. 31. If it develops that an accusation of crime in this state is erroneous, and that it was in fact committed in another state, no jeopardy attaches because of the absence of jurisdiction, even though there should be an acquittal. Ferrill v. Commonwealth, 62 Ky. (1 Duv.) 153; Roberson's New Kentucky Criminal Law, sec. 122; 16 C. J. 162, 239.

Sections 166, 167, 230, and 231 of the Criminal Code lay down the procedure to be taken if, during the progress of the trial, it is shown that the offense was not committed within the territorial jurisdiction of the court. Section 231 is as follows:

"If it appear that the offense was committed out of the State, the trial shall be stopped and the defendant shall be either discharged or ordered to be retained in custody for a reasonable time, until the counsel for the Commonwealth shall have an oppor-

tunity to inform the chief executive officer of the State in which the offense was committed of the facts, and for said officer to require the delivery of the offender.''

That section is a part of the chapter of the Code pertaining to the conduct of trials by jury, and it is clear that there is no provision in the Code for a preliminary hearing on the question of jurisdiction. This is fortified by the provisions of section 243 of the Code, and section 123 of the Statutes, authorizing the attorney for the Commonwealth, with the permission of the court, at any time before the case is finally submitted to the jury, to dismiss the indictment or enter a nolle prosequi, when he shall file a signed statement setting forth reason for his action. The dismissal must be by the concurrent action of both the prosecuting attorney and the judge. The judge alone may not do so. Commonwealth v. Hughes, 153 Ky. 34, 154 S. W. 399; Commonwealth v. Flynn, 161 Ky. 289, 170 S. W. 617. As pointed out in Commonwealth v. Cundiff, 149 Ky. 37, 147 S. W. 767, there is no authority in the judge to control or direct the dismissal of a prosecution, where the indictment upon which it is based is sufficient. There is no claim made in this instance of an insufficient indictment. No demurrer had been filed. There was not even a formal motion made by any one to dismiss the indictment. The attorneys recorded as representing the state of West Virginia appear to have taken charge of the prosecution and to have insisted upon the court dismissing it for want of jurisdiction.

Clearly, the whole proceeding was premature and unauthorized.

From the order dismissing the indictment the defendant was granted and has perfected an appeal to this court.

A motion has been made by the commonwealth to dismiss the appeal upon the ground that the appellant was not prejudiced by the judgment, and the court is without authority to entertain it.

It is very rare that an appeal is taken from an order of court discharging from custody the person accused of crime. It is yet more exceptional that an appeal can be maintained where the effect of the order was to dismiss the prosecution. This is one of that unusual class.

The right of appeal exists only by virtue of statutory law. It is granted the accused in order to rectify any prejudicial error that has occurred in the administration of justice. Action of a trial court, though it be erroneous, will not be reviewed unless the rights of the defendant have been invaded to his hurt, except in certain instances on appeal by the commonwealth. Criminal Code of Practice, sections 335, 337. The authority for appeals to this court is to be found in chapter 1, of title 9 (section 334 et seq.) of the Criminal Code of Practice. In section 340 authority is given for the reversal of a judgment of conviction for any error of law disclosed by the record when, upon consideration of the whole case, it appears that the substantial rights of the defendant have been prejudiced by it. This court has not however confined that power strictly to judgments of conviction, but has considered an appeal from a final order which prejudiced the substantial rights of the accused. Thus the court has entertained an appeal and reversed an order filing away, over the objection of the defendant, an indictment with leave to reinstate it—an indefinite continuance of the prosecution pursuant to a long-established practice having no statutory authority—on the ground that the accused's constitutional right to a speedy trial had been violated. Jones v. Commonwealth, 114 Ky. 599, 71 S. W. 643, 24 Ky. Law Rep. 1434.

The case of Lewis v. United States, 216 U. S. 611, 30 S. Ct. 438, 54 L. Ed. 637, was an appeal by an accused person from an order of nolle prosequi entered over his objection, which had the effect of discharging him from further prosecution under that indictment. His case had been continued from time to time and his motion for a dismissal overruled. It was held by the Supreme Court that the accused could not complain until he had been made to suffer and that he was not legally aggrieved. The controlling factor, it seems from the opinion, was that further prosecution was barred by the statute of limitation.

Our Bill of Rights (section 11 of the Constitution), provides that the accused has the right in prosecutions by indictment or information to a speedy public trial by an impartial jury of the vicinage; that is, of the community in which the offense was committed. And though we are admonished that the Sixth Amendment to the federal Constitution applies only to the federal government, it is to be noted that that section provides for the

trial by an impartial jury of the state and district wherein the accused shall have committed a crime.

These provisions contemplate that there will be a trial of the accusation and the constitutional edicts are not to be construed as inhibiting a good faith dismissal of the prosecution in a manner provided by law. Commonwealth v. Winfrey, 169 Ky. 650, 184 S W. 1121. The power of the sovereign to abandon a prosecution by his legal representative has always been recognized and the consent of the accused is not essential. Bishop's New Criminal Procedure, secs. 1387, 1390.

This record, however, discloses an invasion of a substantial right of the accused, for it is made to appear that the sole purpose of his discharge was to permit the authorities in a sister state to assume jurisdiction before there had been a disposition by the courts of this commonwealth according to its procedural laws. The unauthorized action of the judge was at the instance of foreign prosecuting officers, not of those of Kentucky. The reasons underlying the conclusion in Jones v. Commonwealth, supra, are fully applicable to the situation here.

It is true that section 339 of the Criminal Code provides that a judgment in favor of the defendant which operates as a bar to a future prosecution for the offense shall not be reversed by this court; and although this judgment is apparently in favor of the defendant, it is not wholly so and does not operate as a bar to a future prosecution. Commonwealth v. Winfrey, supra. Moreover, it is the general rule that a party may prosecute an appeal to reverse a judgment which is in form only or is in his favor in part only and does not give him all he is entitled to, or if it is otherwise erroneous and prejudicial. 3 C. J. 636; citing Gentry v. Barnett, 6 T. B. Mon. 113; 2 R. C. L. 56; Williams v. Breitung, 216 Ill. 299, 74 N. E. 1060, 3 Ann. Cas. 510.

A citizen of Kentucky is entitled to the protection of its laws, and if, after having been accused by the commonwealth with a serious crime within its borders, there has been an illegal disposition of the charge to his hurt, those laws are sufficient to enable him to have a review of the error. The spirit of the statutes providing for an appeal by an accused person is to afford him some redress, or at least a hearing, when he feels aggrieved at

any final order which, though apparently favorable to him, is shown by the record to be not altogether so.

If on a trial in due course the court from the uncontroverted evidence, or the jury on conflicting evidence, should discharge the accused on the ground that the crime with which he is charged did not occur in Kentucky, but in West Virginia, as hereinbefore pointed out, no jeopardy attaches and the rights of the sister state in respect to the matter will not have been affected.

Wherefore, the motion to dismiss the appeal is overruled and the judgment is reversed, with direction to set aside the order from which the appeal is taken.

Whole court sitting.