## Helton v. Commonwealth.

(Decided May 15, 1934.)

H. H. OWENS for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

As Omar Mackey ran up the hill upon the approach of officers to the house of his father-in-law where he was staying, on November 5, 1930, he was shot and killed. Nat B. Helton, a deputy constable, was convicted of the

offense and sentenced to seven years in prison. We reversed the judgment on the ground that the verdict was flagrantly against the evidence. The facts and reasons are stated in detail in the former opinion. Helton v. Commonwealth, 242 Ky. 386, 46 S. W. (2d) 487, 489.

Upon the return of the case, a new indictment was found charging Helton, Knuckles, and Shelby with the murder of Mackey. One count charges the three men with having committed the crime; a second that Helton did so and the others aided and abetted; and a third that the three entered into a conspiracy to do so. Upon the trial of Helton alone under this indictment, he was again convicted and sentenced to six years in prison. He brings another appeal.

The conspiracy portion of the indictment was ignored by the trial court, as there was no evidence to sustain it. So the case was submitted on the identical instructions of the other trial.

Upon this trial the evidence tending to establish the defendant's guilt was not strengthened by the commonwealth. If there is any difference, the case was weaker. Knuckles and Shelby testified in chief against him before, and their evidence, as much as any other, tended to convict Helton. On this trial they were only introduced in rebuttal on some points, and that evidence, as the court properly admonished the jury, was only in contradiction and to affect the credibility of Helton. Three other witnesses were introduced, but their evidence added nothing material.

The appellant is correct in his contention that the opinion in the other appeal is the law of the case, for, although the trial was on another indictment, it was in the end exactly the same as the one under which he was first tried. As pointed out in the former opinion, Helton was able to produce by disinterested witnesses who found it what was undoubtedly the bullet from his pistol, which he said he had shot in the ground. The bullet that killed the unfortunate man was yet in his body. Its recovery would have established with reasonable assurance from whose weapon it had been shot. The prosecuting officers did not attempt to produce that bullet; at least they did not so far as this record shows. We must repeat what was written in the former opinion:

"On this evidence we could not in good conscience

permit the conviction of this man to stand, and must therefore reverse the judgment because the verdict is flagrantly against the evidence.''

The trial court should have sustained the defendant's motion for a new trial on this ground.

The judgment is reversed.