## Commonwealth v. Sloan.

April 22, 1949.

A. E. Funk, Attorney General, and Guy L. Dickinson, Assistant Attorney General for appellant.

James Lambert for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Certifying the law.

The appellee, Foster Sloan, was indicted by the Rockcastle county grand jury for the offense denounced in section 436.230, KRS, in which he was charged with setting up, keeping, managing and operating a slot machine in his place of business in that county located at Boone Gap near the Madison county line. At his trial the court at the close of all of the testimony peremptorily instructed the jury to find him not guilty. The Commonwealth has appealed therefrom seeking to obtain the settlement of the law under the facts disclosed by the evidence.

The sheriff of the county, and two of his deputies, testified that they made a search under a warrant of defendant's residence which consisted of three rooms, a bedroom, kitchen and dining room, and the room in which he conducted his small business. Under the bed in the bedroom they found an old slot machine which was hidden behind a clock. They testified that the slot machine had dust and mud upon it, and they were under the impression that it contained one or two coins when found by them. This is the substance of all of the testimony for the Commonwealth.

Defendant's motion for peremptory instruction at the close of the Commonwealth's testimony was overruled by the court whereupon defendant (whose testimony was all that he introduced) testified that he found the slot machine at the foot of a dump over which some one had thrown it. It was in a cardboard box when found by him, as he testified, and he carried it to his place of business and inserted therein a coin or two, but it apparently did not work and he placed it under his bed where it remained until the officers found it. This was all the testimony heard at the trial.

Counsel for the Commonwealth on this appeal argues that though the machine may not have been operated by him or patronized by any of his customers, it was nevertheless kept by him in his place of business and the court erred in directing his acquittal. But that contention was adversely answered by us in the cases of Haycraft v. Commonwealth, 243 Ky. 568, 49 S.W.2d 314 and Commonwealth v. Burns, 4 J.J.Marsh. 177. In the Haycraft case the identical statute was interpreted by us, and in the Burns case a statute substantially the same was also interpreted. The opinion in the Haycraft case in announcing our conclusion as to the proper interpretation of the statute says [243 Ky. 568, 49 S.W.2d 316]:

"We are convinced that the definition given to the word 'keep' in these gaming laws by our sister courts and by this court in the Burns Case, supra, is correct and in accord with what the Legislature evidently intended by the language it employed in this statute, and, inasmuch as in the instant case there is nothing shown against the defendants beyond mere possession of these slot machines, and no proof that they intended to set up, manage, operate, or conduct them as gaming devices anywhere, the court should have peremptorily instructed the jury to find them not guilty."

It is the fundamental rule of this and other courts in the administration of the criminal law, that the accused may not be convicted if the proof showed no more than a mere surmise or suspicion of his guilt, which is fortified by the universal requirement that his guilt must be proven beyond a reasonable doubt, but it may be shown by strong circumstances when they are such that would justify a jury in reaching that conclusion.

In the case of Benge v. Commonwealth, 265 Ky. 476, 97 S.W.2d 51, 53, in disallowing convictions on mere surmise or suspicion we said:

"We have reiterated the law too often to require again its insertion in this opinion, to the effect that one cannot be convicted of a criminal charge upon mere surmise and suspicion, and that when the evidence produces no more than that it is the duty of the court to direct an acquittal. See Sayler v. Commonwealth, 264 Ky. 53, 94

S.W.2d 281; Smith v. Commonwealth, 260 Ky. 52, 53, 83 S.W.2d 883; Helton v. Commonwealth, 254 Ky. 290, 71 S.W.2d 625; Little v. Commonwealth, 245 Ky. 837, 54 S.W.2d 388; Buster v. Commonwealth, 246 Ky. 322, 55 S.W.2d 18; Haynes v. Commonwealth, 225 Ky. 234, 8 S.W.2d 403; Lockard v. Commonwealth, 193 Ky. 619, 237 S.W. 26; Anderson v. Commonwealth, 196 Ky. 30, 244 S.W. 315.''

Our opinions in the Burns, Haycraft and Benge cases, together with other cases cited therein, completely sustain the trial court in directing appellee's acquittal. None of the testimony heard at the trial of this case points to the fact that the defendant ever operated or permitted the operation of the machine in contest in a way condemned by the statute so as to render him guilty of violating it. It is true that one might surmise or suspect that he testified falsely and that he may have operated it in a way condemned by the statute so as to render him guilty thereunder, but the Benge opinion, and others cited therein disallow conviction in such circumstances.

Wherefore, the law is so certified.