## NAPIER v. COMMONWEALTH.

Court of Appeals of Kentucky.

Feb. 12, 1954.

James G. Begley, Danville, for appellant.

J. D. Buckman, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

DUNCAN, Justice.

Appellant was convicted on a charge of possessing intoxicating liquor for the purpose of sale in local option territory and his punishment was fixed at a fine of $100 and confinement in jail for a period of sixty days. Reversal is sought upon a number of grounds, but since we have concluded that the evidence is not sufficient to support a conviction, we shall discuss only that ground.

On the night of March 27, 1953, appellant's restaurant in the city of Danville was searched by two police officers under authority of a search warrant. The officers stated that when they came to the door of the restaurant appellant stood in their way and when they said they wanted to look around he continued to block their entrance. They each stated that they observed a girl behind the counter pick up a kettle and pour its contents into a lard can, which was used as a mop bucket or waste can. They testified that they were able to detect the odor of moonshine whiskey about the can, and it was subsequently taken to the chemistry department of Centre College where a chemical analysis was made of its contents.

Dr. John Walker, a chemistry professor, testified that after a distillation process he found some traces of ethyl alcohol. He stated there were many other elements in the can but he did not try to determine their nature. He did not make a quantitative test and was unable to state how much alcohol the can contained. It was also shown that appellant's reputation for dealing in intoxicating beverages was bad.

The Commonwealth has not positively identified any liquor found on the premises. Ethyl alcohol is not an exclusive property of liquor but is an element of many other products sold commercially throughout the country for admittedly legal purposes and might very well be found in most any domestic or commercial establishment.

Under the provisions of KRS 242.390, the accused's reputation for violation of a local option statute is admissible against him, but we have repeatedly held that such evidence, standing alone, is not sufficient to sustain a conviction. DeAttley v. Commonwealth, 310 Ky. 112, 220 S.W.2d 106. Evidence which produces no more than a suspicion of guilt will not support a verdict. Flynn v. Commonwealth, 314 Ky. 388, 235 S.W.2d 1004; Gross v. Commonwealth, Ky., 256 S.W.2d 366.

We think the lower court should have sustained appellant's motion for a directed verdict.

The motion for an appeal is sustained and the judgment is reversed.

CAMMACK, J., dissenting.