Roscoe BYRD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 14, 1955.

———◆———

Lyttle & White, John M. Lyttle, Manchester, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Roscoe Byrd and Ralph Byrd were indicted for grand larceny. They were charged with stealing a Guernsey cow from Bennie Dee. On a separate trial, Roscoe Byrd was found guilty and his sentence fixed at one year's confinement in the state reformatory, from which judgment he has appealed.

The grounds urged for reversal are: (1) failure to prove the venue of the prosecution; (2) insufficiency of the evidence; and (3) improper argument of the Commonwealth's attorney. Upon the trial, no proof was introduced except in behalf of the Commonwealth.

Proof must show that a crime was committed in a locality shown to be within the jurisdiction of the court. Slater v. Commonwealth, 239 Ky. 620, 40 S.W.2d 389. However, slight evidence from which the jury may infer the place where the crime was committed is sufficient to sustain proof of the venue. Webb v. Commonwealth, 312 Ky. 684, 229 S.W.2d 455; and Vinson v. Commonwealth, Ky., 248 S.W.2d 430. From the statements of Bennie and Elva Dee, it was shown that someone took, and carried away, their cow from their farm near Foggertown in Clay County, Kentucky. The proof was sufficient to establish the place of the taking of the property as being within Clay County, Kentucky. Thus, the venue was proved.

Bennie Dee owned several Guernsey cows. Elva Dee, his wife, discovered that the best cow, worth $75, was missing when she went to milk on Friday morning, July 30, 1954. Bennie did not learn of the loss until he returned home on Friday night from Ohio, where he had been working. Search and inquiry about the cow revealed nothing except cow and vehicle tracks found nearby, indicating that a cow had been loaded in a pickup truck, or a car-trailer, and hauled away. The cow had distinctive features by which she could have been identified. She was never recovered.

About three weeks prior to the loss of the cow, appellant, Henry Campbell, and their wives had dinner at the Dee home. Appellant and Henry Campbell married sisters. On this occasion, appellant and Henry Campbell looked at the Dee cows, and upon inquiry, the best milk cow was pointed out. This was the cow that was missing later.

Upon complaint made by Bennie Dee on Sunday, a detective of the State Police began an investigation of the loss. He checked the various livestock markets, and on Tuesday following the loss on Friday, located a Chevrolet pickup truck at the stockyards in London, Kentucky. There was fresh cow manure on the truck.

Upon learning that Roscoe Byrd was the owner of the truck, the detective went to appellant's home. He there observed tire marks similar to the tires on the truck seen at London. While he was at Byrd's home, appellant and his codefendant, Ralph Byrd, drove up in the truck.

Appellant was questioned concerning the missing cow. He claimed there had been no cow about his place and that his cow was at Bill Banks' place. However, Banks claimed that the cow at his place had been purchased by him from Henry Campbell, who was then in Indiana. The detective sought the assistance of the Indiana State Police by radio message.

Henry Campbell testified that the Indiana State Police came to his home in

Indiana about 10:00 or 10:30 at night looking for a spotted cow. The cow lost by Dee was spotted. A spotted Guernsey cow was located at Campbell's place, but the next morning about 4:00 o'clock, she was removed. His testimony is contradictory as to whether he saw appellant and Ralph Byrd on that occasion or not. About four weeks earlier, he had traded four hogs to appellant in return for a cow, which was supposed to be a Jersey. Appellant took the hogs first and returned with the Guernsey cow later. She was accepted.

Campbell answered the following question, thus:

"Q. Did you pay for those hogs? A. When they got the cow and brought it back I borrowed $80.00 off of him is all I ever got and I have never had the money to pay him back yet."

No objection was made to this proof although it followed other excluded testimony concerning the transactions between the appellant and Ralph Byrd with Henry Campbell.

About two weeks after Bennie Dee lost his cow, appellant brought a Guernsey cow in his truck to Dee's place and unloaded it. He was accompanied by Jessie Byrd, his son. He asked Elva Dee "to come look and see" if that was her cow. Elva told him no, it wasn't hers. No further statement or explanation was made on that occasion by appellant as to why he left the cow there. It was on this occasion that appellant was found asleep and arrested at Bennie Dee's place. Jessie was asleep in a car. Although there was a "favorance" from a picture, Henry Campbell did not positively identify the cow returned as being the one taken from his place.

The sufficiency of the evidence to go to the jury was questioned by appellant by his motion for a directed verdict and to sustain the verdict by his motion for a new trial. Both motions were overruled.

The evidence against appellant was wholly circumstantial. The jury may consider the circumstances from which guilt may be reasonably inferred. Barker v. Commonwealth, 304 Ky. 13, 199 S.W.2d 713. Evidence which produces no more than a suspicion of guilt will not support a verdict of guilty. Adkins v. Commonwealth, 313 Ky. 110, 230 S.W.2d 453; Gross v. Commonwealth, Ky., 256 S.W.2d 366; Napier v. Commonwealth, Ky., 264 S.W.2d 872. The guilt must be shown beyond a reasonable doubt, but this may be done by circumstances when they are such as would justify a jury in reaching that conclusion. Commonwealth v. Sloan, 310 Ky. 57, 219 S.W.2d 966.

Any evidence, although slight or circumstantial, which goes toward establishment of guilt is sufficient to carry the case to the jury and to sustain a conviction unless it is so flagrantly against the evidence as to shock the conscience or to lead one to believe that the verdict was the result of prejudice on the part of the jury. Carr v. Commonwealth, 307 Ky. 207, 210 S.W.2d 778; Parsley v. Commonwealth, Ky., 273 S.W.2d 372. The verdict is not palpably against the evidence where there is proof from which inferences may be drawn to justify the jury's finding. Mattingly v. Commonwealth, 240 Ky. 625, 42 S.W.2d 874.

In Hendrickson v. Commonwealth, Ky., 259 S.W.2d 1, the defendant was convicted on testimony forming a chain of circumstances, any one of which, standing alone, might have been insufficient to connect appellant with the offense charged. It was held that the testimony when considered collectively formed a chain of circumstances, and that to sustain a conviction where the evidence is circumstantial, it is not necessary that it should exclude every possibility of a defendant's innocence. It was held sufficient if all the circumstances when considered together point unerringly to his guilt. See also Taylor v. Commonwealth, 293 Ky. 823, 170 S.W.2d 903. The circumstances of the instant case against

appellant when considered together are sufficient to form a chain of circumstances which unerringly point toward the guilt of appellant. Briefly, these circumstances are: (1) the interest of appellant and Henry Campbell shown in Bennie Dee's best cow; (2) the disappearance of the cow; (3) the finding of the cow tracks and pickup truck tracks; (4) the presence of appellant's pickup truck with fresh cow manure at the livestock yards; (5) the inconsistencies in appellant's statement about his cow made to the state detective; (6) the "spotted cow" investigation by the Indiana State Police; (7) the cow trade with Henry Campbell; (8) the removal of Campbell's cow from Indiana by appellant immediately after the investigation; (9) the delivery of Campbell's cow to Dee's farm by appellant; (10) the disavowal of the ownership of the cow by the Dees; and (11) the arrest of appellant at Dee's place where he was found asleep.

It is considered that the reasonable inferences drawn from this chain of circumstances point unerringly to the guilt of appellant and go beyond mere suspicion and conjecture. The evidence was sufficient to submit the case to the jury and to sustain a conviction.

 Appellant declined to offer any testimony in his behalf. In the argument to the jury, the Commonwealth's attorney made this statement: "The defendant has not taken the stand and he has the right not to take the stand."

Counsel for the appellant objected to the statement; the court sustained the objection, and admonished the jury to disregard it. No motion to discharge the jury was made.

The right of the defendant in a criminal prosecution to refuse to testify and to have such failure or refusal to remain free from any comment or adverse presumption has been preserved by statute. KRS 455.090(1). This fundamental right is based on the Bill of Rights, Kentucky Constitution, Section 11. The rule is stated in Roberson's Criminal Law, Section 1939, page 2076, as follows:

"* * * And so when a prosecuting attorney, either directly or indirectly, calls the attention of the jury to the fact that the defendant has failed to testify, he violates the foregoing section of the statutes, and it is the duty of the court to admonish the jury that such argument is improper and to exclude it from the consideration of the jury, and if it be a flagrant violation of the rule, the trial judge should forthwith discharge the jury and select another for the trial of the case."

Statements of prosecuting attorneys with reference to the defendant's failure to testify are not reversible error in every case. Childers v. Commonwealth, 246 Ky. 751, 56 S.W.2d 352; Hanks v. Commonwealth, 248 Ky. 203, 58 S.W.2d 394; and Powell v. Commonwealth, 276 Ky. 234, 123 S.W.2d 279.

In Thomas v. Commonwealth, 196 Ky. 539, 245 S.W. 164, improper argument was made by the Commonwealth's attorney concerning the statements of a prospective juror made on voir dire. The defendant objected to the argument but did not move to discharge the jury. The court admonished the jury to disregard the argument. It was held that the court had done for the accused all that he had asked by admonishing the jury in the absence of a motion to discharge the jury.

Such is the present case since the appellant apparently was content to rest upon his objection and the resulting admonition without making a motion to discharge the jury. Thus, no ruling of the trial court on this point, which was objectionable to the appellant, is presented for our consideration.

Judgment is affirmed.