**O. E. HUGHES, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 4, 1960.

Rehearing Denied Feb. 10, 1961.

R. B. Bertram, Monticello, Fritz Krueger, Somerset, for appellant.

John B. Breckinridge, Atty. Gen., Wayne J. Carroll, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

O. E. Hughes and James Paul Sexton were jointly accused by an indictment of willfully exploding dynamite within a building, an offense denounced by KRS 433.460.

Upon his separate trial O. E. Hughes was convicted and sentenced to serve a term of 2 years in prison. He seeks reversal on the grounds that the court erred: (1) In overruling his motion for a directed verdict of acquittal; (2) in allowing the Commonwealth to introduce incompetent and prejudicial evidence over his objections; and, (3) in instructing the jury.

During the evening of September 7, 1958, an unoccupied house owned by James Williamson was damaged by an explosion. Subsequently, James Paul Sexton confessed that he and appellant had dynamited the house. Upon appellant's trial Sexton testified in behalf of the Commonwealth. He stated that appellant had instigated the crime, and that he had been present when appellant had exploded the dynamite in the house on Williamson's farm.

The question for our determination is whether there is sufficient evidence to corroborate the testimony of Sexton who was an accomplice.

Section 241 of the Criminal Code of Practice provides:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof."

■ With respect to the quality of evidence necessary to satisfy the above section of our Code, we have held that corroborating evidence is sufficient to sustain the conviction if it tends to connect the defendant with the commission of the crime. Daggit v. Commonwealth, Ky., 237 S.W.2d 49; Williams v. Commonwealth, 257 Ky. 175, 77 S.W.2d 609.

We consider the testimony of two witnesses in determining the sufficiency of the corroborative evidence. James Williamson, the owner of the house which was damaged by the explosion, testified that he and appellant had not spoken to each other since December 2, 1957, when appellant had killed two of his dogs.

Ronald Beckman testified that appellant had offered him a bribe to appear as a witness and to testify falsely that Paul Sexton had told him "that he had a job to do for James Williamson." Beckman also stated that he had another conversation with appellant which pertained to the dynamiting of Williamson's house and that appellant asked him "to see if it could be settled with Williamson in regard to keeping it from court."

■ The attempt by appellant to obtain false testimony through bribery and his endeavor to conceal evidence that would incriminate him is substantial evidence of his guilt. Huddleston v. Commonwealth, 251 Ky. 172, 64 S.W.2d 450. Beckman's testimony was sufficient to connect appellant with the commission of the crime.

During the course of the trial appellant objected to the Commonwealth's introducing testimony concerning materials which were found in appellant's work-shop. The basis of the objection was that the evidence had been obtained by an illegal search of appellant's property. Prior to the submission of the case to the jury the trial judge decided that the search was illegal, and he advised the jury of his decision and admonished the jurors not to consider the evidence obtained by the illegal search in arriving at a verdict.

■ Appellant insists that the admonition did not remove the prejudicial effect of the incompetent evidence from the minds of the jurors. The record reflects that appellant's motion to exclude from the jury's consideration the evidence procured by the illegal search was sustained and that the jury was properly admonished. Since appellant obtained a favorable ruling on his motion, and did not move for a discharge of the jury, there is no legal basis upon which to assert error in this respect. Senibaldi v. Commonwealth, Ky., 338 S.W.2d 915; Byrd v. Commonwealth, Ky., 283 S.W.2d 191.

■ Appellant was convicted of willfully exploding dynamite within a building. He contends that the word "within" should have been defined by the instructions. The evidence in this case established the fact that dynamite was exploded inside Williamson's house. Hence, there was no issue concerning the place of the explosion and under these circumstances appellant cannot soundly maintain that the jury was misled as to the meaning of the word "within".

Judgment affirmed.