381 P.2d 100

STATE of Arizona ex rel. Charles N. RONAN, County Attorney of Maricopa County, Petitioner,

v.

Honorable Henry S. STEVENS, Judge of Superior Court, Maricopa County, and Paul Raymond LaCross, real party in interest, Respondents.

No. 7828.

Supreme Court of Arizona.

En Banc.

April 24, 1963.

Charles N. Ronan, County Atty. of Maricopa County, Robert J. Corcoran, Richard A. Johnson, Deputy County Attys., Phoenix, for petitioner.

Shannon & Fleming, Phoenix, for respondent Paul Raymond LaCross.

JENNINGS, Justice.

On December 15, 1961 the respondent Paul Raymond LaCross surrendered himself to the Scottsdale police and admitted that he had held up a 7-11 Market in Scottsdale on December 8, 1961. He then made full restitution of the money taken.

At the time of the holdup LaCross was 20 years of age and had a clean record. He was without funds, behind in his rent, and in a state of disheveled personal appearance so that he could not find employment. LaCross claimed that the holdup was a spur-of-the-moment act and that he had not had a gun or other weapon, but only an empty pop bottle in his pocket. With the money LaCross squared his debts, improved his personal appearance, secured a job and saved his earnings so that he could make restitution.

Respondent LaCross pleaded "not guilty" to a criminal information charging him with robbery—punishable by imprisonment for not less than five years. Thereafter, LaCross withdrew his former plea and entered a plea of "guilty" which was accepted by Judge D. H. Hays. The record does not indicate whether judgment of conviction was entered on the plea. On February 6, 1962, the day set for sentencing, LaCross appeared before Judge Henry S. Stevens, who continued the time for sentencing until February 13, 1962 with the recommendation that the information be amended to charge LaCross with grand theft—punishable by imprisonment for not less than one year. The County Attorney of Maricopa County refused this suggestion and time for sentencing was again continued until December 18, 1962. During the intervening months LaCross' conduct was exemplary.

On December 18, 1962 the County Attorney again refused to amend the information. Judge Stevens, noting that the County Attorney had reduced the charge from robbery to grand theft in several less meritorious instances, and feeling that LaCross had not earned a robbery conviction and that it was more just that he go forth into life with no conviction than to go forth as a convicted robber, set aside the plea of guilty and dismissed the cause with prejudice. The County Attorney seeks a writ of certiorari to review the lower court's proceedings.

Arizona Rule of Criminal Procedure 188, 17 A.R.S. provides that the

court may any time before sentencing permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set it aside and allow a plea of not guilty to be substituted. We have said that the discretion of the trial court should be liberally exercised in favor of permitting the withdrawal. State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962). In light of these pronouncements the learned trial judge did not err in setting aside the plea of guilty whether or not judgment had been entered thereon.

The forerunner of the present Rule of Criminal Procedure 239—Ariz.Code § 44–1506 (1939)—provided:

"Dismissal of prosecution by indictment or information.—The court *either* on the application of the county attorney *or on its own motion* may in its discretion for good cause order that a prosecution by indictment or information be dismissed. The order for dismissal shall be entered of record with the reasons therefor.

"No prosecution by indictment or information shall be dismissed, discontinued or abandoned except as provided in this chapter [article]. Rules Cr. Proc., § 292.]" (Italics added.) [1]

In the 1956 revision of the Court's rules the italicized portion of § 44–1506 was deleted and the rule, as modified, was promulgated as Rule of Criminal Procedure 239.

■ A court has no power, in the absence of statute or rule, to dismiss a good information or indictment over the protests or objection of the prosecuting attorney. People v. Zobel, 54 Colo. 284, 130 P. 837 (1913); Commonwealth v. Flynn, 161 Ky. 289, 170 S.W. 617 (1914); Commonwealth v. Shields, 89 Pa.Super. 266 (1926); Annot., 69 A.L.R. 240 (1930). The effect of the above deletion was to withdraw from the superior court authority to dismiss an information or indictment for good cause upon its own motion.

■■ We feel that the intentions of the trial court were commendable as being in the interests of justice and consonant with the principle recently enunciated that "reformation and rehabilitation of offenders rather than retribution are the important goals of criminal jurisprudence." State v. Maberry, 93 Ariz. 306, 380 P.2d 604. However, the dismissal of the information was not authorized by applicable rules or statutes and such action therefore exceeded the jurisdiction of the court for the reason that no jurisdiction existed to render the particular order. State ex rel. Mahoney v. Stevens, 79 Ariz. 298, 288 P.2d 1077 (1955).

---

1. Ariz.Rev.Code § 5206 (1928) provided for dismissal of an indictment or information by the court either on its own motion or upon application of the county attorney "in furtherance of justice."

■ The court in this case could have either set aside the plea of guilty and set the case for trial under Rule of Criminal Procedure 188; or, if the court felt that there were mitigating circumstances or that justice would be subserved thereby, it could have entered judgment on the plea, suspended sentencing and placed respondent on probation pursuant to A.R.S. § 13–1657; or it could have entered judgment on the plea and pronounced sentence upon the respondent pursuant to Rule of Criminal Procedure 325.

Respondent LaCross does not challenge the power of the Court to make the rule change and we do not here decide that question. Nor does he contend that the County Attorney's actions amount to a denial of equal protection of the laws by reason of discriminatory enforcement of a law valid on its face. However, respondent LaCross contends that the County Attorney has abused his discretion by refusing to file an amended information charging a less serious crime. Respondent cites no cases in support of his contention and we have found none in point. In Ackerman v. Houston, 45 Ariz. 293, 296, 43 P.2d 194, 195 (1935), we said:

"[I]n looking into the facts of an alleged criminal offense to ascertain whether a criminal action should be instituted a county attorney acts in a *quasi* judicial capacity at least and must necessarily exercise judgment and discretion in determining whether the things complained of constitute a crime and warrant prosecution."

The duty of a county attorney to prosecute criminal actions is well stated in State ex rel. McKittrick v. Wallach, 353 Mo. 312, 322–323, 182 S.W.2d 313, 318–319, 155 A.L.R. 1 (1944) as follows:

"'The duty of a prosecuting officer necessarily requires that he investigate, i. e., inquire into the matter with care and accuracy, that in each case he examine the available evidence, the law and the facts, and the applicability of each to the other; that *his duties further require that he intelligently weigh the chances of successful termination of the prosecution, having always in mind the relative importance to the county he serves of the different prosecutions which he might initiate.* Such duties of necessity involve a good faith exercise of the sound discretion of the prosecuting attorney. * * * Such discretion exercised in good faith authorizes the prosecuting officer to personally determine, in conference and in collaboration with peace officers and liquor enforcement officers, *that a certain plan of action or a certain policy of enforcement will be best productive of law enforcement, and will best result in general law observance. * * *'"* (Emphasis supplied.)

■ The County Attorney has formulated a policy against reducing charges for violent crimes. In arriving at his decision to prosecute respondent LaCross for robbery rather than for grand theft, the County Attorney considered the nature of the offense (a crime against the person); the prevalence of that crime in the county at that time; the fact that a crime had been committed; and the fact that respondent LaCross had pleaded guilty to robbery and such plea had been accepted. In view of these considerations we cannot say that the petitioner abused his discretion in prosecuting this respondent pursuant to the law and the policy of his office.

■ Respondent contends that certiorari is not the proper remedy in this case. Certiorari is appropriate to review the proceedings of an inferior tribunal when the latter has exceeded its jurisdiction and there is no appeal, nor, in the judgment of the court, a plain, speedy and adequate remedy. State ex rel. Morrison v. Superior Court, 82 Ariz. 237, 311 P.2d 835 (1957); A.R.S. § 12–2001. There exists no right of appeal by the state at this stage of the case. See A.R.S. § 13–1712. In our judgment the trial court's action left the petitioner no plain, speedy and adequate remedy. See State ex rel. Mahoney v. Stevens, supra.

The order dismissing the information against Paul Raymond LaCross is annulled and set aside, this to the end that there may be further proceedings thereon consistent with this decision.

BERNSTEIN, C. J., UDALL, V. C. J., and LOCKWOOD, J., concur.

STRUCKMEYER, J., concurs in the result.