445 P.2d 433

**STATE of Arizona, Appellee,**

v.

**James LeRoy STEWART, Appellant.**

**No. 1821.**

Supreme Court of Arizona.

In Banc.

Sept. 25, 1968.

Rehearing Denied Oct. 29, 1968.

Darrell F. Smith, then Atty. Gen., and Norval C. Jesperson, Asst. Atty. Gen., for appellee-plaintiff.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant-defendant.

UDALL, Vice Chief Justice:

Appellant, hereinafter called "defendant", plead guilty to a charge of robbery and was sentenced to serve fifteen to thirty years in the State Penitentiary. He appeals his conviction claiming that he was coerced into pleading guilty by the county attorney.

Defendant was charged in the information with robbery and assault with intent to murder. The information was amended and the assault charge dropped. Defendant then plead guilty to the robbery charge. Defendant now contends that he entered the guilty plea because the county attorney promised to reciprocate by having the assault charge dismissed. Defendant also contends that the assault charge was spurious and was included in the information merely to scare him into pleading guilty to robbery.

We do not agree that the assault charge was spurious. Probable cause was found for assault with intent to commit murder by an independent magistrate.

The prosecutor may use discretion in deciding which offenses he will prosecute. State ex rel. Ronan v. Stevens, 93 Ariz. 375, 381 P.2d 100 (1963). He must weigh the evidence, the law and the facts, and the chances of successful termination of the prosecution. In his discretion he may have the court dismiss prosecution of one offense upon the entry of a guilty plea to another.

In no case could we approve the filing of spurious charges against a defendant in order to coerce or "scare" him into pleading guilty to one of the charges. The record does not indicate that such is the case here.

Affirmed.

McFARLAND, C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.