492 P.2d 432

**The STATE of Arizona, Appellee,**

v.

**Abram Oakley CRUMLEY, Appellant.**

**No. 2 CA–CR 269.**

Court of Appeals of Arizona,
Division 2.

Jan. 6, 1972.

Rehearing Denied Jan. 26, 1972.

Review Denied March 7, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, by Jerry C. Schmidt, Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Pima County Public Defender, by Albert G. Freeman, Jr., Deputy Public Defender, Tucson, for appellant.

KRUCKER, Chief Judge.

Defendant-appellant was charged with the criminal offense of forgery in violation of A.R.S. § 13–421, as amended. On June 29, 1971, defendant pleaded guilty to one count of forgery pursuant to a plea bargain in which it was agreed that other charges pending against him in both Pima and Maricopa Counties would be dropped. On July 13, 1971, pursuant to his guilty plea, defendant was sentenced in the Pima County Superior Court, Honorable Robert O. Roylston presiding, to serve not less than eight (8) nor more than ten (10) years in the Arizona State Prison at Florence, Arizona. The sentence was dated back to the time of the filing of the complaint to give the defendant the benefit of his time already spent in jail.

The question raised on appeal is whether the sentence is excessive under the circumstances.

It has been frequently held by the Arizona Supreme Court that the trial court has wide discretion in sentencing and if the sentence is within the statutory limits and the court's discretion has not been abused,

**184**

the sentence will be upheld by the Supreme Court. State v. Carpenter, 105 Ariz. 504, 467 P.2d 749 (1970); State v. Benn, 101 Ariz. 252, 418 P.2d 589 (1966); State v. Logan, 98 Ariz. 179, 403 P.2d 279 (1965).

The penalty for forgery is prescribed in A.R.S. § 13–421, subsec. B, as amended, and provides for imprisonment " . . . for not less than one nor more than fourteen years."

The sentence of eight to ten years is well within the statutory limits but appellant argues that special circumstances in this case make the sentence excessive. Prior to sentencing, counsel for defendant asked the court to consider allowing the defendant to serve his time on a hardship basis whereby he might spend the nights in the county jail and work during the day. This request was based upon these circumstances related to the court: defendant is married and has a small child; his wife and child are on welfare; he has cooperated with Arizona police on several matters and for that reason spent his time in the county jail in the "hole" for his own protection; and, that because of the cooperation with police, defendant fears that his life would be in danger in the state prison. The court refused this request primarily because defendant's lengthy past record was a bad one.

We recognize the principle enunciated by the Arizona Supreme Court that "reformation and rehabilitation of offenders rather than retribution are the important goals of criminal jurisprudence." State ex rel. Ronan v. Stevens, 93 Ariz. 375, 381 P.2d 100 (1963); State v. Maberry, 93 Ariz. 306, 380 P.2d 604 (1963). However, considering defendant's prior bad record and the additional charges pending which were dropped as a part of the plea barbain, we find no abuse of discretion in the trial court's sentence.

Judgment is affirmed.

HOWARD and HATHAWAY, JJ., concur.