555 P.2d 1110

**STATE of Arizona, Appellee,**

v.

**Lloyd Vincent MURPHY, aka Dana Rickey Edwards, aka John Doe, Appellant.**

**No. 3017.**

Supreme Court of Arizona,

In Banc.

Oct. 18, 1976.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Grove M. Callison, Asst. Atty. Gen., Phoenix, for appellee.

Boyle & Brown, by William Lee Eaton, Prescott, for appellant.

HOLOHAN, Justice.

Lloyd Vincent Murphy was convicted of first-degree murder, and, following a separate sentencing hearing under A.R.S. § 13–454, he was sentenced to death. This appeal followed.

Pursuant to a plea agreement, appellant pleaded guilty to a charge of first-degree murder for the shooting of Thomas Richard Manning during the course of a rob-

bery at a rest stop near Seligman, Arizona. In return for appellant's plea of guilty, the prosecutor dismissed charges of kidnapping and armed robbery, and he agreed to recommend that appellant receive a life sentence instead of the death penalty. Subsequent to appellant's entry of the first-degree murder plea, an aggravation-mitigation hearing was held. At this hearing, the prosecutor recommended that the appellant receive the agreed-to sentence, and, over the objection of defense counsel, and contrary to the wishes of the county attorney, the trial court ordered the prosecutor to present evidence pertaining to the events of the murder. Based upon the evidence at the sentencing hearing, the trial court concluded that one aggravating circumstance, *i.e.*, the murder was committed in an especially heinous, cruel or depraved manner, had been proved and no mitigating circumstances existed; therefore he sentenced appellant to death.

Appellant does not argue that the guilty plea was in any way entered involuntarily, unknowingly, or unintelligently. A careful examination of the record reveals that the strictures of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and our Rules of Criminal Procedure, Rules 17.2, 17.3, 17 A.R.S., were scrupulously complied with. The actions of the trial court in ordering the prosecutor to put on evidence at the sentencing hearing are strenuously challenged. While a number of other issues are also urged we believe the foregoing to be dispositive of the case.

■ Normally the sentence to be imposed is a matter of judicial discretion limited only by the extent of the penalty authorized by statute and the power of this Court to reduce a sentence. The trial court is not bound by any plea agreement between the prosecution and the defense. Rule 17.4(d) Rules of Criminal Procedure, 17 A.R.S.

If, however, the plea agreement is rejected by the court the defendant must be given an opportunity to withdraw his plea.

Rule 17.4(e) Rules of Criminal Procedure, 17 A.R.S.

The so-called death penalty statute is different from the usual criminal statute not only in severity of penalty but also in the method of determining the sentence. This difference also affects plea agreements in this limited area. Prior to *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), there were no defined circumstances when the death penalty was to be imposed in a first-degree murder case. After *Furman* the legislature amended the criminal code to provide for a proceeding for determination of sentence in first-degree murder cases. A.R.S. § 13–454. The Arizona section is similar to that adopted by the State of Florida. Fla.Stat.Ann. § 921.141. The Arizona and Florida statutes were designed to correct the constitutional infirmities found in previous death penalty provisions. The amended statute was intended to remove the deficiencies described by the *Furman* decision.

After an accused has been found guilty of or pled guilty to first-degree murder, the statute requires that the trial judge conduct a separate sentencing hearing to determine the existence or nonexistence of certain statutorily defined aggravating and mitigating circumstances. A.R.S. § 13–454(A).

The nature and requirements of the hearing are prescribed in subsection B which provides in part:

"The burden of establishing the existence of any of the circumstances set forth in subsection E [aggravating circumstances] is on the prosecution."

Subsection C of A.R.S. § 13–454 requires that after the hearing the trial court shall make findings noting the existence or nonexistence of each of the aggravating or mitigating factors set forth in subsections E and F.

Subsection D of the statute provides:

"In determining whether to impose a sentence of death or life imprisonment

without possibility of parole until the defendant has served twenty-five calendar years, the court shall take into account the aggravating and mitigating circumstances enumerated in subsections E and F and shall impose a sentence of death if the court finds one or more of the aggravating circumstances enumerated in subsection E and that there are no mitigating circumstances sufficiently substantial to call for leniency."

Under the statute in question, if no aggravating circumstances are presented at a hearing, the trial court must impose a life sentence. The trial judge in this case concluded that the court was entitled to hear all the evidence, and it was the duty of the prosecutor to put on evidence of aggravating circumstances irrespective of the desires of that officer. We do not so read the statute.

■ The duty and discretion to conduct prosecutions for public offenses rests with the county attorney. A.R.S. § 11–532; *State ex rel. Berger v. Myers,* 108 Ariz. 248, 495 P.2d 844 (1972); *State v. Stewart,* 103 Ariz. 457, 445 P.2d 433 (1968); *State v. Stevens,* 93 Ariz. 375, 381 P.2d 100 (1963). Generally, the courts have no power to interfere with the discretion of the prosecutor unless he is acting illegally or in excess of his powers.

■ The exercise of discretion by the prosecutor in the criminal justice system begins even before a case is filed. The prosecutor makes the determination whether to file criminal charges and which charges to file. The existence of this broad discretion is present in a capital case as well as any other, and such discretion even in capital cases is not violative of the Constitution. *Gregg v. Georgia,* —— U.S. ——, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).

■ Under the statutory system of A.R.S. § 13–454 the prosecutor is given the responsibility and burden of establishing the existence of aggravating circumstances in the murder. These aggravating circumstances must be proved by evidence admitted at trial or at the hearing. A.R.S. §

13–454(B). The decision to offer evidence of aggravation or not offer such evidence is the responsibility of the prosecutor. The court has no authority to interfere with the discretion of the prosecutor in this area. If the trial court does not believe that the plea agreement accepted by the prosecutor serves the ends of justice, the judge may decline to accept the plea and transfer the case to another judge.

While it is not necessary that we review the reasons for the prosecutor's decision to seek a life sentence rather than the death penalty, it seems appropriate to point out that the record indicates a number of reasons for his decision. There was a question of the admissibility of the victim's statement given several hours after he had been shot. There was doubt whether the acts committed by the appellant could be considered as falling within the listed aggravating circumstances. There was uncertainty whether the new statute would be held constitutional. Apparently the prosecutor sought to resolve these doubts by securing the certainty of a conviction with a life sentence.

■ We hold that the trial court was in error in directing the prosecutor to put on evidence of aggravating circumstances. The evidence offered as to the aggravating circumstances should not have been admitted. Without such evidence there was no proof of any aggravating circumstances, and the sentence of death was not proper. The sentence of death is set aside and pursuant to the authority of A.R.S. § 13–1717 the sentence is corrected to life imprisonment without possibility of parole until the service of twenty-five calendar years.

Affirmed as modified.

CAMERON, C. J., STRUCKMEYER, V. C. J., HAYS, J., and OGG, Judge, Court of Appeals, concur.

Note: Retired Justice LORNA E. LOCKWOOD did not participate in the determination of this matter and Judge JACK L. OGG, Court of Appeals, Division One, sat in her stead.