NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

AMY J. GARNER, *Petitioner/Appellant*,

*v.*

STEVEN L. DAURIO, *Respondent/Appellee*.

No. 1 CA-CV 18-0224 FC

FILED 3-5-2019

Appeal from the Superior Court in Maricopa County
No. FC2010-004881; FC2011-002723 (Consolidated)
The Honorable James D. Smith, Judge

**AFFIRMED**

APPEARANCES

Alongi Law Firm, PLLC, Phoenix
By Thomas P. Alongi
*Counsel for Petitioner/Appellant*

Steven L. Daurio, Phoenix
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Judge Kent E. Cattani and Chief Judge Samuel A. Thumma joined.

---

**B E E N E**, Judge:

¶1        Amy J. Garner ("Mother") appeals the superior court's November 30, 2017 ruling denying her petition to modify legal decision-making, parenting time, and child support and the March 6, 2018 denial of her motion for new trial.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        Mother and Steven L. Daurio ("Father") divorced in 2012.  In August 2016, Mother petitioned to modify legal decision-making, parenting time, and child support for their minor child, A.D.  In her petition, Mother alleged Father had been physically abusive to A.D., that the abuse had resulted in a criminal investigation[1] and an investigation by the Department of Child Safety ("DCS"). DCS initially proposed a substantiated finding of abuse, *see* Arizona Administrative Code ("AAC") R21-1-501(14), but after Father sought review, DCS amended the finding to unsubstantiated on November 9, 2017, *see* AAC R21-1-504(A)(1).  Father disclosed DCS records relating to the investigation on November 7, 2017, and he disclosed the amended finding to Mother the same day he received written notice from DCS.

¶3        The superior court set an evidentiary hearing on the petition to modify for November 20, 2017.  Five days before the hearing and eight days after receiving Father's disclosures, Mother moved to continue the hearing, asserting Father had violated his mandatory disclosure obligations by withholding information regarding DCS's amendment of the proposed

---

[1]        The criminal investigation was referred to the Maricopa County Attorney's Office, but the County Attorney declined to prosecute.

substantiation. *See* Ariz. R. Fam. Law P. 49(B)(4) (2016).[2]  The court denied the motion.

¶4        During Father's testimony at the evidentiary hearing, while discussing an interview he had with a DCS official, Father referred to an audio recording of the interview that he had not disclosed to Mother.  He testified, however, that previously-admitted DCS records reflected the contents of the recording.  The court ordered Father to provide a copy of the recorded testimony, and Father disclosed the recording the next day.

¶5        In its November 30, 2017 ruling, the superior court considered the factors of Arizona Revised Statutes ("A.R.S.") § 25-403(A) and awarded sole legal decision-making authority to Father.  The court concluded that unrestricted parenting time with Mother would "harm the child's mental, moral, and/or physical health," and it instituted a parenting time plan that included intensive intervention and several phases that introduced unsupervised parenting time for Mother.  Regarding legal decision-making, the court rejected Mother's requested change, finding in relevant part, that Mother did not establish by a preponderance of the evidence that Father committed an act of child abuse in July 2016.

¶6        Mother moved for a new trial in December 2017, arguing that the court's refusal to grant a continuance constituted an irregularity in the proceedings and an abuse of discretion, and that Father's misconduct had deprived her of a fair trial.  *See* Ariz. R. Fam. Law P. 83(A)(1), (2) (2016). She also asserted the court's denial of a continuance constituted deprivation of procedural due process and that several of the court's findings were not warranted by the record.  *See id.* at (6). Mother then amended her motion,

---

[2]        The Arizona Supreme Court significantly revised the Arizona Rules of Family Law Procedure ("Rules") effective January 1, 2019.  *See* Ariz. R. Fam. Law P., Prefatory Cmt. to the 2019 Amendments.  The new and amended rules apply to all actions pending on January 1, 2019, unless the court in the affected action determines that applying the amended rule would be infeasible or work an injustice.  Order Amending the Arizona Rules of Family Law Procedure and Rule 9, Arizona Rules of Civil Appellate Procedure (2018).  Because the changes to the Rules are significant, we apply the rules in place at the time of the superior court proceedings.

asserting additional claims regarding the court's factual findings. The court set oral argument, and, after argument, denied the motion.

¶7        In its March 6, 2018 ruling, the superior court found that the audio recording was new evidence that was not available at trial, but it ultimately concluded that a new trial was not warranted because Father's failure to disclose the recording did not affect the decision. The court found that "[t]he essential elements of Father's version of events in the DCS records align[ed] with the recording," and that "[t]he other purported inconsistencies among Father's trial testimony, statements to investigators, Court filings, and the recording [were] minor (at best)." The court rejected Mother's challenges to its factual findings, and it awarded Father a portion of his reasonable fees and costs in the amount of $50,000.00.[3]

¶8        Mother timely appealed. We have jurisdiction pursuant to A.R.S. section 12-2101(A)(1), (5)(a).

## DISCUSSION

¶9        Mother argues the superior court abused its discretion by: (1) denying her request for a continuance (including claiming that the court's ruling resulted in a denial of her due process rights); and (2) refusing to set a supplemental evidentiary hearing after the audio recording's disclosure. She further argues that the court abused its discretion by failing to find that Father abused A.D.[4]

---

[3]        The superior court based its fee award "entirely on Mother's unreasonableness because Father earns more than twice what Mother earns." The court considered Father's failure to disclose the audio recording when awarding him only a portion of his requested fees and costs.

[4]        On appeal, Mother also seeks to raise other issues that were not raised at trial or in her motion for new trial and are therefore waived. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 10 (App. 2013) (stating that generally a party waives an issue if it fails to raise the issue in the trial court); *Cook v. Cook*, 209 Ariz. 487, 493 n.6, ¶ 20 (App. 2005) (finding waiver of constitutional issues that were not raised in the superior court).

I.     **The Superior Court Did Not Abuse its Discretion or Violate Mother's Procedural Due Process Rights by Denying Her Request for a Continuance.**

¶10          "We review the [superior] court's decision to grant a continuance for an abuse of discretion, and any related factual findings for clear error." *Kimberly D.-D. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 207, 208, ¶ 5 (App. 2013). We review constitutional issues *de novo*. *In re Marriage of Friedman and Roels*, 244 Ariz. 111, 114, ¶ 11 (2018).

**A.     The superior court did not abuse its discretion by denying Mother's request for a continuance.**

¶11          "When an action has been set for trial, hearing or conference on a specific date by order of the court, no continuance of the trial, hearing, or conference shall be granted except upon written motion setting forth sufficient grounds or good cause . . . ." Ariz. R. Fam. Law P. 77(C)(1) (2016). In determining whether good cause for a continuation exists, courts should evaluate the facts of the case, including prior delays and their reasons, hardship to the movant, the good faith of the movant, and the conduct of the movant. *See* 17 Am. Jur. 2d *Continuance* § 6 (2019). "[T]he decision to grant or deny a continuance is in the sound discretion of the trial court." *McDowell Mountain Ranch Land Coal. v. Vizcaino*, 190 Ariz. 1, 5 (1997); Ariz. R. Fam. Law P. 1 ("If language in these rules is substantially the same language as language in civil rules, case law interpreting the language of the civil rules will apply to these rules.").

¶12          "In a case in which child custody or parenting time is an issue, unless good cause is shown," certain documents must be timely disclosed to the other party. Ariz. R. Fam. Law P. 49(B). These include "[t]he date, description, location and documentation of any Department of Child Safety investigation or proceeding involving any party . . . occurring within ten years of the filing of the petition." *Id.* This duty to disclose is a "continuing duty, and each party shall make additional or amended disclosures whenever new or different information is discovered or revealed." *Id.* at (I). "Such additional or amended disclosures shall be made not more than thirty (30) days after the information is revealed to or discovered by the disclosing party." *Id.* Additionally, if the disclosure occurs less than thirty days before trial, the party seeking to use the document must obtain leave of court by motion. *See* Ariz. R. Fam. Law P. 65(C)(2) (2016).

¶13          Mother contends the court erred in light of Father's alleged-late disclosure of three items: (1) correspondence from Father's attorney

that included a September 20 letter from DCS; (2) a November 6 order continuing Father's administrative hearing until December 18; and (3) a November 9 letter from DCS stating it had revoked the substantiation. Mother has not shown the superior court abused its discretion by denying her request for a continuance.

**¶14**  Several factors support the court's denial of a continuance. As an initial matter, Mother has not shown that Father failed to timely disclose the November 6 order or the November 9 letter. Father disclosed these documents on November 7 and 9, respectively, well within the thirty-day deadline imposed by Rule 49(I). Additionally, assuming without deciding that the September 20 letter was not timely disclosed,[5] any resulting hardship to Mother was minimal because the letter did not significantly affect Mother's knowledge regarding Father's administrative appeal. The document was a DCS notice regarding the date of Father's administrative hearing, and Mother was aware Father was seeking administrative review of the substantiated finding.

**¶15**  In addition, by the time Mother requested the continuance, more than a year had passed since the filing of the petition to modify. This was due in part to DCS's late delivery of DCS records. However, the court had already granted a previous continuance to Mother, and she received a three-week stay in the spring of 2017 to allow her to file a special action. In light of these facts, Mother has not shown that the court abused its discretion.

   **B.**  **The court's refusal to grant a continuance did not violate Mother's procedural due process rights.**

**¶16**  The superior court "enjoys broad discretion to 'impose reasonable time limits on all proceedings or portions thereof and [to] limit the time to scheduled time.'" *Volk v. Brame*, 235 Ariz. 462, 468, ¶ 20 (App.

---

[5]  The DCS records show that these records were delivered on September 6, 2017, which would indicate an October deadline for disclosure. *See* Ariz. R. Fam. Law P. 49(I). However, the letter in question, which was included within this packet of documents, bore the date September 20, 2017. This indicates that either the mailing date of the documents or the date of the letter may have been a scrivener's error.

2014) (quoting Ariz. R. Fam. Law P. 22(1) (2014)).[6] However, "[p]rocedural due process . . . requires the court to afford litigants adequate time to present their evidence." *Id.* at ¶ 19. "[W]hen the resolution of an issue before the court requires an assessment of credibility, the court must afford the parties an opportunity to present sworn oral testimony, and [it] may not rely solely on avowals of counsel." *Id.* at 464, ¶ 1. The court, however, need not "indulge inefficient use of time by parties or their counsel." *Id.* at 469, ¶ 22.

**¶17**     The court's denial of a continuance did not violate Mother's due process rights. Mother does not develop her due process argument beyond attempting to distinguish this case from *Volk* by arguing that "the gross volume of time does not matter so much as whether it suffices to get the job done." *Volk*, in fact, recognizes this, explaining that the court violates the parties' due process rights when it "allows *no* time to hear testimony, or when the time available for each necessary witness does not allow for meaningful direct testimony and efficient but adequate cross-examination." *Id.* at 468, ¶ 21. We conclude that in this case, Mother had ample time and opportunity to present testimony by witnesses and to cross-examine Father's witnesses. Furthermore, Mother did not seek additional time before trial, did not object to the court's proposed schedule on the day of trial, exceeded the time that was originally scheduled for her presentation, and, when asked whether she needed additional time, stated she anticipated she could finish her presentation without needing an additional hearing. The court did not violate Mother's due process rights by declining to grant a continuance.

## II.     The Superior Court Did Not Abuse Its Discretion by Failing to Set a Supplemental Evidentiary Hearing.

**¶18**     Mother next argues the superior court erred by failing to set a supplemental evidentiary hearing or a new trial after she discovered the existence of the audio recording. We review rulings on the issues raised in a motion for new trial for an abuse of discretion. *Kent v. Carter-Kent*, 235 Ariz. 309, 312, ¶ 13 (App. 2014). We review constitutional issues *de novo*. *Marriage of Friedman*, 244 Ariz. at 114, ¶ 11.

**¶19**     "A ruling, decision or judgment may be altered or amended, or vacated and a new trial granted, on motion of the aggrieved party" for

---

[6]     The language of former Rule 22(1) is substantially similar to the language of the new Rule 22(a). *Compare* Rule 22(1) (2014) *with* Rule 22(a) (2019).

several grounds "materially affecting that party's rights[.]" Ariz. R. Fam. Law P. 83(A). These grounds include: (1) an "irregularity in the proceedings of the court or a party, or abuse of discretion, whereby the moving party was deprived of a fair trial"; (2) "misconduct of a party"; and (3) "the ruling, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law." *Id.* at (A)(1), (2), and (6). "On a motion for new trial, the court may . . . take additional testimony, amend or alter findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new ruling, decision or judgment." *Id.* at (B). A motion for new trial for newly-discovered evidence should be granted only if "(1) the newly discovered evidence could not have been discovered before the granting of the judgment despite the exercise of due diligence, (2) the evidence would probably change the result of the litigation, and (3) the newly discovered evidence was in existence at the time of the judgment." *Boatman v. Samaritan Health Servs., Inc.*, 168 Ariz. 207, 212 (App. 1990); Ariz. R. Fam. Law P. 83 cmt. (stating Rule 83 is based on Arizona Rule of Civil Procedure 59).

**¶20** The court was not required to hold a supplemental hearing on Mother's motion for new trial. *See* Rule 83(B) (providing the "court *may* . . . take additional testimony, amend or alter findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new ruling, decision or judgment") (emphasis added). The court, however, scheduled oral argument on the motion, during which the parties discussed the recording and presented argument. The court also independently reviewed the audio recording, determined the recording was "new evidence that was not available at trial," and concluded that "a new trial [was] not warranted because the failure to disclose the recording did not affect the decision." The superior court did not abuse its discretion by failing to offer Mother a supplemental evidentiary hearing.

### III. The Court Did Not Abuse its Discretion by Declining to Find that Father Abused A.D.

**¶21** Mother argues the superior court abused its discretion by declining to find that Father abused A.D. She asserts the court improperly relied on photographs of A.D. smiling not long after the alleged abuse, the County Attorney's decision not to prosecute, and the absence of photos showing injury to A.D.'s arm. She also argues the court did not properly scrutinize "DCS' long chain of refusals to substantiate abuse."

**¶22** We review the court's findings of fact for clear error, giving "due regard . . . to the trial court's opportunity to judge the credibility of

witnesses." Ariz. R. Fam. Law P. 82(a)(5). "A finding of fact is not clearly erroneous if substantial evidence supports it, even if substantial conflicting evidence exists." *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 51-52, ¶ 11 (App. 2009) (quotation omitted). "Evidence is substantial if it allows a reasonable person to reach the trial court's result." *Id.* (quotation omitted). We defer to the court's determination of the weight to give conflicting evidence. *Nia v. Nia*, 242 Ariz. 419, 424, ¶ 14 (App. 2017).

¶23 When determining legal decision-making and parenting time, the court must consider several factors in determining the best interests of the child in question. A.R.S. § 25-403(A). One of the factors is "[w]hether there has been . . . child abuse pursuant to § 25-403.03." *Id.* A finding of child abuse pursuant to § 25-403.03 must be established by a preponderance of the evidence. In determining whether the finding is established by a preponderance of the evidence, the court must consider "all relevant factors" including findings from another court of competent jurisdiction; police and medical reports; DCS, domestic violence shelter, and school records; and witness testimony. § 25-403.03(C).

¶24 The court did not abuse its discretion by declining to find that Father abused A.D. In its ruling, the superior court considered the factors of A.R.S. §§ 25-403(A) and -403.03(C) as required, and substantial evidence supports the court's conclusion despite the existence of conflicting evidence. DCS records relating to the July 2016 incident, which were properly considered by the court under A.R.S. § 25-403.03(C)(4), showed that DCS had amended the finding of abuse to unsubstantiated. DCS only amends a proposed substantiated finding if it "[d]etermine[s] there is no probable cause that the alleged perpetrator committed child abuse or neglect." AAC R21-1-504(A). Furthermore, the DCS employee who initially proposed substantiation testified that the "deciding factor" for her was the referral of the criminal investigation to the County Attorney. The County Attorney, however, declined to prosecute, indicating that "the chances of successful termination of the prosecution" were insufficient. *See State v. Stewart*, 103 Ariz. 457, 458 (1968) (recognizing that a "prosecutor may use discretion in deciding which offenses" to prosecute and that this involves "weigh[ing] the evidence, the law and the facts, and the chances of successful termination of the prosecution"). The court was permitted to consider police reports pursuant to A.R.S. § 25-403.03(C)(2), and we must defer to its resolution of conflicting evidence. *Nia*, 242 Ariz. at 424, ¶ 14.

¶25  Additionally, witness testimony supported the court's conclusion that Father had not abused A.D. in July 2016. Dr. Moran, a health professional appointed by the court to complete a comprehensive evaluation of the family, provided a report in which he stated that "there [were] no persuasive third-party data to support the conclusion that Father ha[d] committed clinically significant child abuse or maltreatment of [A.D.]" Further, Child's paternal grandmother testified that Child and Father came to paternal grandparents' house after the alleged incident, and she stated Child was happy and behaving normally. This testimony was supported by photographs, which the court properly considered in conjunction with witness testimony.

¶26  Finally, and perhaps most importantly, the court did not find Mother's version of events credible. It also found that there were several inconsistencies between Mother's version of events, the version Child presented to DCS, and the version Mother presented to the Phoenix Police. We defer to the court's opportunity to judge the credibility of witnesses. Ariz. R. Fam. P. Law 82(a)(5). Because the superior court reviewed the proper factors and substantial evidence supports the court's conclusion, the court did not abuse its discretion by declining to find that Father abused A.D.

## IV. Attorneys' Fees and Costs.

¶27  Mother and Father request an award of their costs and attorneys' fees pursuant to A.R.S. §§ 25-324(A) (allowing court to "order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter" or in matters involving legal decision-making and parenting time) and -415(A)(2) (requiring the court to "sanction a litigant for costs and reasonable attorney fees . . . if the court finds that the litigant has . . . [k]nowingly accused an adverse party of making a false claim under § 25-403, 25-403.03 or 25-403.04 with knowledge that the claim was actually true"). We do not find A.R.S. § 25-415(A)(2) applicable to this case and accordingly do not award sanctions pursuant to that section. In the exercise of our discretion, *see Myrick v. Maloney*, 235 Ariz. 491, 496, ¶ 16 (App. 2014), we decline to award costs or fees to either party pursuant to A.R.S. § 25-324(A).

## CONCLUSION

¶28     For the foregoing reasons, we affirm the superior court's November 30, 2017 ruling and March 6, 2018 denial of Mother's motion for new trial.



AMY M. WOOD • Clerk of the Court
FILED:  AA