NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GERALD VAUGHN GWEN, *Appellant.*

No. 1 CA-CR 21-0077
FILED 3-1-2022

Appeal from the Superior Court in Yavapai County
No. V1300CR201780290
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Kenneth S. Countryman PC, Tempe
By Kenneth S. Countryman
*Counsel for Appellant*

Gerald Vaughn Gwen, Eloy
*Appellant*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

**B A I L E Y**, Judge:

¶1 This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Gerald Vaughn Gwen filed a brief advising the court that, after searching the entire record, he is unable to discover any arguable questions of law, and he requests that this court review the record for fundamental error. Gwen filed a supplemental brief *pro per*. This court has reviewed the briefs and record, and finding no reversible error, we affirm Gwen's convictions and resulting sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2 On November 2, 2015, Gwen rented a Jeep in Sedona and agreed to return it by 5:45 p.m. the same day. He told the rental agent he wanted to show clients around the area. When Gwen had not returned the vehicle by the next morning, the rental agency owner contacted the police.

¶3 Later that day, police searched for Gwen at his last known address, and when they couldn't find him, they entered the Jeep in a national stolen-vehicle database. Gwen was apprehended when he drove the Jeep through a U.S. Border Patrol checkpoint in Sierra Blanca, Texas, an approximately eight-hour drive from Sedona. The rental decals had been removed from the Jeep's windshield, front fenders, and right taillight. The rental business's spare tire cover had also been removed. When the owner recovered the Jeep, she found cleaning supplies, board games, and a trunk with books, photo albums, and news clippings inside the vehicle.

¶4 In May 2017, a grand jury indicted Gwen on one count of Fraudulent Schemes and Artifices, and two counts of Theft of Means of Transportation. Gwen was held in custody as non-bondable because, at the time of his arrest, he was on release from other charges in Yavapai County Superior Court Case No. CR-2015-80451. Gwen waived his right to an attorney and represented himself at trial with assistance from advisory counsel.

¶5             After a four-day trial, a jury found Gwen guilty on all counts. At sentencing, the court found Gwen had one historical prior felony conviction and sentenced him as a category two offender. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-703(I).  After considering the jury's aggravating factors findings, the court sentenced Gwen to three concurrent prison terms, the longest of which was eight years, plus two years for his on-release status. The court ordered the sentences be served consecutively to Gwen's sentence in CR-2015-80451.

¶6             We have jurisdiction over Gwen's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

I.      Sufficiency of the Evidence

¶7             Counsel did not raise any issues on appeal.  Gwen argues in his *pro per* supplemental brief that insufficient evidence supports the verdict because the rental agreement admitted at trial was altered.

¶8             Whether the evidence supports the verdict is a question of law, which we review *de novo*.  *State v. Borquez*, 232 Ariz. 484, 487, ¶ 9 (App. 2013).  We will affirm a conviction if there is substantial evidence, or "more than a scintilla," that a reasonable person could find guilt beyond a reasonable doubt. *State v. Barger*, 167 Ariz. 563, 568 (1990) (citation omitted). We view the evidence in the light most favorable to sustaining the verdict, and we do not reweigh the evidence. *Id.*

¶9             At trial, witnesses testified that Gwen rented the Jeep and signed an agreement to return it the same day, and that he was apprehended the next day in another state, driving the Jeep with the rental decals removed.  The court admitted as evidence two copies of the rental agreement and made the original available for the jury to view.  Each version reflected a return time of 5:45 p.m. on November 2, 2015.  The State's forensic document examiner testified she found no evidence the agreement was altered.  Gwen argues that discrepancies in the copies, including differences in scale and a handwritten credit card number on one copy, prove the agreement was forged.  But we do not reweigh the evidence on appeal. *See id.*  There was substantial evidence for the jury to have returned a guilty verdict.

II.     Due Process

¶10     Gwen also makes several due process arguments, including that insufficient probable cause existed to arrest him, that the prosecutor improperly presented an altered rental agreement to the grand jury, and that he was denied a preliminary hearing.

¶11     Issues of probable cause and defects in the grand jury proceeding are moot when, as here, a jury has decided the defendant's guilt beyond a reasonable doubt. *See State v. Agnew*, 132 Ariz. 567, 573 (App. 1982) (citing *State v. Verive*, 128 Ariz. 570, 574-75 (App. 1981)). In addition, because the State chose to indict Gwen by grand jury, no preliminary hearing was required. *See State v. Bojorquez*, 111 Ariz. 549, 553 (1975) (holding that either method of establishing probable cause, indictment by grand jury or preliminary hearing, is constitutionally proper)*; Segura v. Cunanan*, 219 Ariz. 228, 234, ¶ 22 (App. 2008) (noting the prosecution may obtain an indictment from a grand jury as an alternative to a preliminary hearing).

III.    The State's Charging Decisions

¶12     Gwen further argues the State improperly charged him with criminal offenses when the case could have been brought as a civil claim for failure to return rental property, or the State could have charged him with only one count of theft. Similarly, he argues law enforcement acted improperly in investigating the case as a theft. We will not interfere with the State's broad discretion over charging decisions unless the prosecutor acted illegally or exceeded his or her powers. *State v. Murphy*, 113 Ariz. 416, 418 (1976). Gwen does not argue the State acted illegally or abused prosecutorial power. Rather, he contends the State should have charged his case differently. We will not disturb a conviction on that basis. *See id.* Further, from our review of the record, there was substantial evidence to support Gwen's conviction.

IV.     Denial of Bail

¶13     Gwen contends the trial court erred in denying him bail while awaiting trial. A defendant is ineligible for bail, however, for "felony offenses committed when the person charged is already admitted to bail on a separate felony charge and where the proof is evident or the presumption great as to the present charge." Ariz. Const. art. 2, § 22(A)(2); *see also Morreno v. Brickner*, 243 Ariz. 543, 553, ¶ 38 (2018) (holding Article 2, Section 22(A)(2) comports with due process). This provision is mandatory, and the court need only decide "whether proof of the new offense is evident or the

4

presumption great." *State v. Garrett*, 16 Ariz. App. 427, 429 (1972). Here, after a hearing, the trial court found Gwen was on release from his charge in CR-2015-80451 when he committed the offenses at issue and that sufficient proof was presented that Gwen committed the charge of theft of means of transportation. The trial court therefore did not err in ordering Gwen be held non-bondable.

V.      Failure to Disclose Evidence

**¶14**      Gwen argues he was prejudiced by the State's failure to disclose the original Jeep rental agreement and original payment receipts for the rental. The record does not support this contention. The State sent Gwen copies of the original rental agreement and the payment receipts in the mail and arranged for Gwen's attorney to view the original rental agreement in person.

VI.     Speedy Trial

**¶15**      Gwen argues he was deprived of his right to a speedy trial under Rule 8 of the Arizona Rules of Criminal Procedure, the Sixth Amendment to the United States Constitution and Article 2, Section 24, of the Arizona Constitution. Gwen was arraigned in May 2017, and his trial was held in January 2021.

**¶16**      Rule 8 requires that a defendant be tried "[n]o later than 150 days after arraignment if the defendant is in custody." Ariz. R. Crim. P. 8.2(a). To preserve the right to a speedy trial, the defendant must timely object to allow the trial court to prevent the violation. *State v. Spreitz*, 190 Ariz. 129, 138 (1997) (holding, despite five years between his arraignment and trial, defendant waived his rights under Rule 8 by not objecting until the month trial was set to begin). We will also not reverse a conviction based on a speedy trial violation absent a showing of prejudice. *State v. Vasko*, 193 Ariz. 142, 143, ¶ 3 (App. 1998).

**¶17**      In contrast, neither the Arizona Constitution nor the United States Constitution impose a specific time limit, *Spreitz*, 190 Ariz. at 139 (citations omitted), and courts instead examine "(1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has demanded a speedy trial; and (4) the prejudice to the defendant," *State v. Lukezic*, 143 Ariz. 60, 69 (1984) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Of these factors, the length of the delay is the least important, while any prejudice to the defendant is the most important. *Spreitz*, 190 Ariz. at 139-40 (citation omitted).

¶18          Here, Gwen first raised his speedy trial rights in his "motion to declare a mistrial" on January 5, 2021, the day trial was set to begin. Even assuming Gwen was deprived of his speedy trial right under Rule 8, he waived this right by failing to assert it promptly before the trial court. *See id.* at 138.

¶19          As for Gwen's constitutional right to a speedy trial, approximately three years and eight months passed between Gwen's arraignment and trial. Such a delay prompts analysis of the other *Barker* factors. *See id.* at 140 (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992) (holding a post-accusation delay approaching one year triggers the *Barker* analysis)).

¶20          Here, the reason for the delay was primarily due to defense counsels' requests to postpone the trial date to allow newly appointed attorneys time to prepare the case and defendant time to secure a court-appointed expert witness. On one occasion, the trial was continued pursuant to the administrative order to postpone trials during the COVID-19 pandemic.

¶21          Most importantly, Gwen was not prejudiced by the trial delay. To determine prejudice, courts may assess the defendant's loss of liberty, the anxiety such delay causes the defendant and his family and friends, the disruption of employment and financial resources, curtailment of association, public obloquy, and, most seriously, the possibility that the defense will be impaired by diminishing memories and loss of exculpatory evidence. *State v. Soto*, 117 Ariz. 345, 348 (1977) (citing *United States v. Marion*, 404 U.S. 307, 320 (1971)). Gwen argues the delay deprived him of his speedy trial right, but he does not allege any resulting prejudice. While Gwen was incarcerated awaiting trial, he does not contend he suffered anxiety, financial strain, disruption in employment, or, that the delay limited his ability to mount a defense. Neither does the record show that exculpatory evidence was lost or that witness memories diminished. We conclude, therefore, that Gwen was not deprived of his constitutional right to a speedy trial. *See id.*

VII.    "Other Acts" Evidence Introduced at Trial

¶22          Gwen also argues the court violated Arizona Rule of Evidence 404(b) by admitting "other acts" evidence. At trial, the court allowed testimony that during their investigation, police learned that on the same day he rented the Jeep, Gwen had failed to appear at a court hearing, had

pawned several items at a pawn shop, was in possession of an overdue U-Haul truck, and had seemingly vacated his apartment.

**¶23**    We review the trial court's admission of evidence for an abuse of discretion. *State v. Payne*, 233 Ariz. 484, 503, ¶ 56 (2013) (citation omitted). Rule 404(b)(1)-(2) of the Arizona Rules of Evidence states that "evidence of other crimes, wrongs, or acts" is not admissible to prove character but "may, however be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  The State must show the defendant committed the other acts by clear and convincing evidence, that the evidence is relevant, offered for a proper purpose, and consistent with Rule 403, and the "probative value must not be substantially outweighed by the danger of unfair prejudice." *State v. Hausner*, 230 Ariz. 60, 78, ¶ 69 (2012) (citation omitted).

**¶24**    Before trial, the court denied without prejudice Gwen's motion to exclude evidence related to the U-Haul and the pawn shop.  The court found that, although the State could not admit the evidence in its case-in-chief, it might still be admitted if Gwen "opened the door" to its admission.

**¶25**    At trial, Gwen asked an officer why the police reported the Jeep as stolen, rather than investigate the case as a failure to return rental property.  The State then argued that Gwen "opened the door" for the State to elicit testimony about Gwen's failure to appear in court, the pawn shop trip, and the overdue U-Haul, to explain why the officers reported the vehicle stolen.  The trial court agreed and allowed the testimony.  The court gave a limiting instruction that the jury was to consider the testimony only as evidence of the officers' knowledge and not as evidence of Gwen's guilt.

**¶26**    The court did not abuse its discretion in admitting the testimony.  Gwen opened the door when he cross-examined the officer about his decision to report the vehicle stolen. *See Pool v. Superior Court*, 139 Ariz. 98, 103 (1984) (holding that a party's injection of improper evidence may open to the door for the other party to retaliate with evidence on the same subject (citation omitted)).  "When counsel opens the whole field of inquiry, he cannot assign its fruits as error on appeal." *State v. Woratzeck*, 134 Ariz. 452, 454 (1982) (citation omitted) (holding that defense counsel opened the door to hearsay evidence of defendant's involvement in a rape-robbery by asking a witness about the incident).  The court also issued a proper limiting instruction, and we presume the jury followed the court's

instructions. *See State v. McCurdy*, 216 Ariz. 567, 574, ¶ 17 (App. 2007) (citation omitted). On this record, the trial court did not abuse its discretion.

VIII.    Sentencing as a Category Two Offender

**¶27**    Gwen argues the court erred in finding he had a historical prior felony conviction because he had not yet been convicted of the charges in CR-2015-80451 when he committed the present offense. We disagree. A historical prior felony conviction means "[a]ny class 2 or 3 felony . . . that was *committed* within the ten years immediately preceding the date of the present offense." A.R.S. § 13-105(22)(b) (emphasis added). There is no requirement that the defendant be convicted of the prior offense when he committed the current offense. *See State v. Thompson*, 200 Ariz. 439, 440-41, ¶¶ 6, 10 (2001). When, as here, the conviction on the prior offense precedes the current conviction, it is enough that the prior offense happened first. *See id.* Because Gwen committed the offenses in CR-2015-80451 several months before the present offenses and he was ultimately convicted in CR-2015-80451 before trial, the court did not err in finding Gwen had a prior historical felony conviction.

IX.    Fundamental Error Review

**¶28**    After reviewing counsel's brief and Gwen's *pro per* supplemental brief, the court has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1990) (providing guidelines for briefs when counsel has determined no arguable issues to appeal). Our review of the record reveals no error, much less reversible error. The record shows Gwen's waiver of counsel was knowingly, voluntarily, and intelligently made. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentences imposed were within the statutory limits.

**CONCLUSION**

**¶29**    For the reasons above, we affirm Gwen's convictions and resulting sentences.

¶30 Upon the filing of this decision, defense counsel is directed to inform Gwen of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Gwen will have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA